1  ROBERT G. HULTENG, Bar No. 071293
2  DAMON M. OTT, Bar No. 215392
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone: 415.433.1940
5  Facsimile: 415.399.8490
   E-mail: rhulteng@littler.com

6  BRADY J. MITCHELL, Bar No. 238572
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067
   Telephone: 310.553.0308
9  Facsimile: 310.553.5583
   E-mail: bmitchell@littler.com

10
11 Attorneys for Defendants
   VELOCITY EXPRESS LEASING, INC.; AND
   VELOCITY EXPRESS, INC.
12

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 1 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

13           SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15  PHILIP JONES, and KIM KEO,                Case No. RG 07354933
    individually and on behalf of others
16  similarly situated, and on behalf of the
    California general public,                **DEFENDANTS' NOTICE TO STATE**
17                                            **COURT OF REMOVAL OF ACTION**
                Plaintiff,                    **TO FEDERAL COURT**
18
19  v.                                        Complaint Filed: November 6, 2007
20  VELOCITY EXPRESS LEASING,
    INC., also known as VELOCITY
21  EXPRESS LEASING WEST COAST,
    INC., a Delaware Corporation;
22  VELOCITY EXPRESS, INC., a
    Delaware Corporation; and DOES I
23  through 100, Inclusive,
24                Defendants.
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO STATE
COURT OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE THAT on February 1, 2008, Defendants

3  Velocity Express Leasing, Inc. (erroneously also sued as an entity "also known

4  as Velocity Express Leasing West Coast, Inc.") and Velocity Express, Inc.

5  (collectively "Defendants") filed a Notice of Removal in the office of the clerk

6  of the United States District Court for the Northern District of California,

7  Oakland Branch.  A copy of Defendants' Notice is attached hereto.

8          PLEASE TAKE FURTHER NOTICE THAT by the filing of said

9  Notice of Removal in the United States District Court, and by this Notice to

10  State Court, the above-entitled action has been removed from this Court to the

11  United States District Court for the Northern District of California, Oakland

12  Branch, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446.  Accordingly,

13  this Court may not proceed further in the above-captioned matter unless and

14  until it is remanded.

15  Dated:    February 1, 2008

16

17

18  DAMON M. OTT
   LITTLER MENDELSON
19  A Professional Corporation
   Attorneys for Defendants
20  VELOCITY EXPRESS LEASING,
   INC. AND VELOCITY EXPRESS,
21  INC.

22

23  Firmwide:84095265.2 057214.1004

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE TO STATE
COURT OF REMOVAL                    1.

# EXHIBIT A

1    ROBERT G. HULTENG, Bar No. 071293
2    DAMON M. OTT, Bar No. 215392
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA  94108.2693
     Telephone:  415.433.1940
5    Facsimile:   415.399.8490
     E-mail: rhulteng@littler.com

6    BRADY J. MITCHELL, Bar No. 238572
7    LITTLER MENDELSON
     A Professional Corporation
8    2049 Century Park East, 5th Floor
     Los Angeles, CA  90067
9    Telephone:  310.553.0308
     Facsimile:   310.553.5583
     E-mail: bmitchell@littler.com

10

11   Attorneys for Defendants
     VELOCITY EXPRESS LEASING, INC.; AND
12   VELOCITY EXPRESS, INC.

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15   PHILIP JONES, and KIM KEO,             Case No. **C08-00773 VRW**
     individually and on behalf of others
16   similarly situated, and on behalf of the   **DEFENDANTS' NOTICE TO**
     California general public,                 **FEDERAL COURT OF REMOVAL**
17                                              **OF CIVIL ACTION FROM STATE**
                    Plaintiff,                  **COURT UNDER 28 U.S.C. §§**
18                                              **1332(d), 1441(a), AND 1446**
     v.
19                                              Complaint Filed: November 6, 2007
     VELOCITY EXPRESS LEASING,                 (Alameda County Superior Court)
20   INC., also known as VELOCITY
     EXPRESS LEASING WEST COAST,
21   INC., a Delaware Corporation;
     VELOCITY EXPRESS, INC., a
22   Delaware Corporation; and DOES I
     through 100, Inclusive,
23
                    Defendants.
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940
NOTICE OF REMOVAL OF CIVIL
ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Velocity Express Leasing, Inc. ("Velocity Express Leasing"), erroneously also sued as an entity "also known as Velocity Express Leasing West Coast, Inc." and Velocity Express, Inc. ("Velocity Express") (collectively "Defendants") hereby remove the above-entitled action, Case No. RG 07354933, from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Branch.

Removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act), 1441(a) and 1446.

In support of this Notice of Removal, Defendant states the following:

### PLEADINGS, SERVICE, PROCEEDINGS

1.   On November 6, 2007, Plaintiffs Philip Jones and Kim Keo (collectively "Plaintiffs") filed a Class Action Complaint in the Superior Court of the State of California, in and for the County of Alameda, which was captioned as follows: *Philip Jones and Kim Keo, individually and on behalf of all others similarly situated, and on behalf of the California general public, Plaintiff, vs. Velocity Express Leasing, Inc. also known as Velocity Express Leasing West Coast, Inc., a Delaware Corporation; Velocity Express, Inc., a Delaware Corporation; and DOES 1 through 100, Inclusive, Defendants*, designated as case number RG 07354933 ("Complaint"). See Declaration of Damon M. Ott in Support of Notice of Removal ("Ott Decl.") ¶ 2, Exh. A (Complaint).

2.   On December 19, 2007, Judge Robert Freedman of the Superior Court of the State of California, County of Alameda, issued an order

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1  designating the case (Case No. RG 07354933) complex pursuant to Rule 3.400

2  *et seq.* of the California Rules of Court. See Ott Decl. ¶ 3, Exh. B (Order).

3          3.    On January 3, 2008, Plaintiff served a copy of the Complaint

4  upon Defendants. See Ott Decl. ¶ 4, Exh. C (Notice of Service of Process).

5          4.    On January 24, 2008, the Superior Court of the State of

6  California, Judge Robert Freedman presiding, conducted an initial Complex

7  Case Management Conference.    Through its counsel, Defendants entered a

8  special appearance at the conference for the sole purpose of notifying the court

9  of Defendants' intention to remove the case to federal court. Plaintiffs appeared

10 generally at the conference, but did not file a Case Management Conference

11 Statement. See Ott Decl. ¶ 5.

12         5.    On January 28, 2008, Plaintiffs' counsel, Stephen Glick,

13 served a Notice of Ruling dated January 25, 2008, which memorialized the

14 developments that occurred during the Complex Case Management Conference,

15 and noticed the next Complex Case Management Conference for February 28,

16 2008. See Ott Decl. ¶ 4, Exh. D (Notice of Ruling).

17         6.    The above described documents, which are attached as

18 Exhibits A, B, C, and D to the Declaration of Damon M. Ott in Support of

19 Notice of Removal, constitute all of the papers that have been filed or received

20 in this action by Defendant. See Ott Decl. ¶ 7.    Their submission thereby

21 satisfies the requirements of 28 U.S.C. Section 1446(a).

22         7.    The January 24, 2008 Complex Case Management

23 Conference is the only proceeding to have been conducted in the Superior Court

24 of the State of California, County of Alameda, in the above-captioned matter.

25 See Ott Decl. ¶ 8.

26                        **JURISDICTION**

27         8.    This Court has original jurisdiction over this matter under

28 the Class Action Fairness Act because it is a civil action filed as a class action

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                2.

1   wherein the aggregate amount in controversy exceeds $5,000,000, exclusive of

2   interest and costs, and at least one plaintiff (if not all) is a citizen of a different

3   State than at least one (if not all) Defendants.  28 U.S.C. § 1332 (d).  Although

4   the Class Action Fairness Act contains a number of exceptions to this newly

5   created rule of original jurisdiction (set forth in 28 U.S.C. Section 1332(d)(3)-

6   (5)), however, none of the apply here.  Removal of this case to federal court is,

7   therefore, proper.  28 U.S.C. § 1441(a).

8                          **DIVERSITY**

9         9.   To satisfy the diversity component, the Class Action

10   Fairness Act requires that at least one member of a class of plaintiffs be a

11   citizen of a State different from any defendant.  This requirement is satisfied

12   here.

13         10.   Defendants are informed and believe that Plaintiff Philip

14   Jones is, and at all times relevant to this action was, a citizen of the State of

15   California.  See Ott Decl. ¶ 9.

16         11.   Defendants are informed and believe that Plaintiff Kim Keo

17   is, and at all times relevant to this action was, a citizen of the State of

18   California.  See Ott Decl. ¶ 10.

19         12.   Defendants are informed and believe that all or nearly all of

20   the members of the class whom Philip Jones and Kim Keo purport to represent

21   are, and at all times relevant to this action were, citizens of the State of

22   California.  See Ott Decl. ¶8.

23         13.   A corporation is deemed to be a citizen of both the state in

24   which it was incorporated and the state where it has its principal place of

25   business. 28 U.S.C. § 1332(c).

26         14.   Both of the Defendants were incorporated in Delaware and

27   are, therefore, citizens of Delaware.  See Declaration of Michael Trafecante

28   ("Trafecante Decl.") ¶¶ 3-4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 34108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION               3.

1      15.  To determine a corporation's principal place of business,

2  courts apply one of two tests.  The first test, known as the "place of operations

3  test," considers the principal place of business to be the state in which a

4  substantial predominance of the company's business is performed.  The second

5  test, known as the "nerve center test," deems the principal place of business to

6  be the state in which the corporation's executive and administrative functions

7  are conducted.  Tosco Corp. v. Communities for a Better Environment, 236

8  F.3d 495, 500 (9th Cir. 2001); Industrial Tectronics, Inc. v. Aero Alloy, 912

9  F.2d 1090, 1092 (9th Cir. 1990).

10      16.  In the Ninth Circuit, courts use the "place of operations test"

11  to establish a corporation's principal place of business unless a party

12  demonstrates that its activities do not substantially predominate in any one

13  particular state.  Tosco, supra, 236 F.3d at 500 (holding the "Ninth Circuit

14  applies the place of operations test unless the [party] shows that its activities do

15  not substantially predominate in any one state.").  To establish "substantial

16  predominance," a party must show that the amount of its business activity in

17  one state is significantly larger than any other state in which it conducts

18  business.  Id.

19      17.  Although Defendants Velocity Express Leasing and

20  Velocity Express are two separate legal entities, their business operations for the

21  purposes of this suit are essentially one and the same.  See Trafecante Decl. ¶ 5.

22  Defendants are in the business of providing delivery services by and through a

23  network of independent contractors.  Id.  Defendants share the same Chief

24  Executive Officer, Chief Financial Officer, and Chief Administrative Officer,

25  all of whom work out of Defendants' shared headquarters.  Trafecante Decl. ¶

26  8.  Thus, it can be said that Defendants' business operations are wholly

27  integrated.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                     4.

1       18.    Defendants' business activity is spread throughout 40 states,

2    with no one state predominating.  Trafecante Decl. ¶¶ 6-7.  The states in which

3    Defendants conduct the greatest volume of business are Florida and New York;

4    however, the business activity in these states is not significantly greater than

5    that conducted in other states.  Trafecante Decl. ¶¶ 6-7.  Regardless, if the place

6    of operations test were used, Defendants' principal place of business would

7    likely be New York, with Defendants being deemed citizens of the same.

8    Under no circumstances would either Defendant be deemed a citizen of

9    California using the place of operations test.

10      19.    Because the business activity of Defendants in New York—

11   or any other state—is insufficient to trigger the place of operations test, the

12   nerve center test must instead be applied.  The analysis under the nerve center

13   test would be the same for both Defendants because they are jointly operated by

14   the same executive and administrative personnel in the same locations.  The

15   vast majority of Defendants' executive and administrative functions are

16   conducted at their headquarters in Westport, Connecticut.  See Trafecante Decl.

17   ¶ 8.  The Westport headquarters houses the Chief Executive Officer, the Chief

18   Financial Officer and the Chief Operations Officer, to name only a few.  While

19   Defendants maintain smaller satellite offices in Texas and New Jersey, the

20   majority of all executive, managerial and administrative decisions are made in

21   the Westport, Connecticut office.  See Trafecante Decl. ¶¶ 8-10.  Defendants do

22   not maintain a corporate or administrative office in California, although they do

23   operate other types of operational facilities in the state.  See Trafecante Decl. ¶¶

24   11-12.

25      20.    In light of the above facts, Defendants' principal place of

26   business under the nerve center test, which is applicable here, is Connecticut.

27   Defendants are, therefore, citizens of Connecticut (and Delaware).  By

28   comparison, Defendants' activities in Texas and New Jersey are too minimal for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                        5.

1    either of those states to be deemed Defendants' principal place of business

2    under the nerve center test. Regardless, it is clear under this test that California

3    would not be the principal place of business for either Defendant.

4         21. Although the Complaint includes "Doe" Defendants 1

5    through 100, pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendants

6    sued under fictitious names should be disregarded for the purpose of

7    determining diversity jurisdiction. See Newcomb v. Adolf Coors Co., 157 F. 3d

8    686, 690 (9th Cir. 1998).

9                    **AMOUNT IN CONTROVERSY**

10        22. The Class Action Fairness Act requires that the aggregate

11   damages sought by the class members exceeds $5,000,000.00 exclusive of

12   interest and costs.  28 U.S.C. § 1332(d)(2) and (6).  Plaintiffs' Complaint is

13   silent as to the total amount of damages claimed.  However, the failure of the

14   Complaint to specify the amount of damages sought does not deprive this Court

15   of jurisdiction. See White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D.

16   W.Va. 1994) (permitting removal notwithstanding the failure of Plaintiff to

17   plead a specific dollar amount in controversy; if the rules were otherwise, "any

18   plaintiff could avoid removal simply by declining...to place a specific dollar

19   value upon its claim").  To establish jurisdiction, Defendants need only

20   demonstrate by a preponderance of the evidence that Plaintiffs' claims exceed

21   the jurisdictional minimum.  See Sanchez v. Monumental Life Ins. Co., 102

22   F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116

23   F.3d 373, 376 (9th Cir. 1997).

24        23. Although Defendants deny the validity of Plaintiffs' claims

25   and the requests for relief thereon, the facial allegations in Plaintiffs' Complaint

26   and the damages claimed therein are in excess of the jurisdictional minimum.

27   Such a showing can be made by relying solely upon the lengthy list of damages

28   and other relief requested by Plaintiffs.  See Luckett v. Delta Airlines, Inc., 171

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    6.

1   F.3d 295, 298 (5th Cir. 1999) (finding that damages sought by plaintiff,
2   although silent as to an amount, were sufficient to support a finding of
3   jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)
4   (stating that "defendant can show by a preponderance of the evidence that the
5   amount in controversy is greater than the jurisdictional amount"); accord Gaus
6   v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc.,
7   319 F.3d 672, 674-76 (5th Cir. 2003) (facially apparent from the complaint that
8   plaintiff's claim exceeded the jurisdictional threshold).    Even a conservative
9   reading of Plaintiffs' Complaint and requests for relief makes clear that the
10  amount in controversy easily exceeds the jurisdictional minimum.

11          24.   In their Complaint, Plaintiffs seek on behalf of themselves
12  and the putative class: (1) unpaid overtime wages; (2) unpaid minimum wages;
13  (3) reimbursement for all business related expenses; (4) statutory penalties for
14  failure to timely pay all wages owed upon discharge; (5) statutory penalties for
15  failure to provide itemized wage statements; (6) liquidated damages for failure
16  to pay minimum wages; (7) interest on all due and unpaid wages; and (8) an
17  award of attorneys' fees and costs. See Ott Decl. ¶ 2, Exh. A, Complaint.

18          25.   In essence, the Complaint defines the putative class as "[a]ll
19  California-based couriers or other similar titles who claim" they are entitled to
20  any of the relief sought in the Complaint.    See Ott Decl. ¶ 2, Exh. A.    (The
21  actual language of the Complaint describes the class in terms of five subclasses
22  that mirror the five primary causes of action.)

23          26.   Defendants currently contract with approximately 260
24  independent contractor couriers ("contractors") in California.    See Trafecante
25  Decl. ¶ 7.   Thus, assuming Plaintiffs' allegations to be true (which Defendant
26  strenuously disputes), the putative class would likely consist of no fewer than
27  260 contractors. This figure is conservative because it assumes a static universe
28  in which the contractors contracting with Defendants remained the same during

.ITTLER MENDELSON
. PROFESSIONAL CORPORATION
650 California Street
20th Floor
in Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                      7.

1   the entire relevant limitations periods, which is not the case. Regardless, even

2   assuming a conservative courier class of 260, the amount in controversy easily

3   exceeds $5,000,000.00. In fact, Plaintiffs' claim for unpaid overtime alone far

4   exceeds the minimum threshold.

5          27.   Although the Complaint does not specify the precise amount

6   of unpaid overtime sought, the Complaint alleges that "Plaintiffs and all

7   members of the classes...were scheduled as a matter of established company

8   policy to work and in fact worked...in excess of eight (8) hours per day and in

9   excess of forty (40) hours per work week <u>without receiving straight time or</u>

10  <u>overtime compensation</u> for such excess hours..." <u>See</u> Ott Decl. ¶ 2, Exh. A, ¶

11  34 (emphasis added).

12         28.   The number of hours contractors spend per week performing

13  delivery services arranged by Defendants varies greatly from week to week and

14  from contractor to contractor.  <u>See</u> Declaration of Brian Savage in Support of

15  Notice of Removal ("Savage Decl.") ¶ 3. In general, however, contractors

16  spend between 35 and 55 hours per week performing delivery services arranged

17  by Defendants. Savage Decl. ¶ 3. Based on this information, as well as the

18  allegations contained in the Complaint, it is reasonable to assume for purposes

19  of this removal that Plaintiffs and the putative class members each worked an

20  average of approximately 45 hours per week, five of which being overtime

21  hours.

22         29.   Like the number of hours, the amount of revenue

23  Defendants pay to contractors for performing delivery services also varies

24  greatly from week to week and contractor to contractor. Savage Decl. ¶ 4.

25  Most contractors, however, are paid revenue ranging between approximately

26  $900.00 and $1,500.00 per week. Based on this information, it is reasonable to

27  assume for purposes of this removal that Plaintiffs and the putative class

28  members were each paid an average of $1,200 per week.

.ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
SAN FRANCISCO, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION                8.

30.    Assuming Plaintiffs prevail on their overtime claim, based on the above averages, the applicable "regular rate" of pay for Plaintiffs and the putative class members under California law would be $30 per hour (i.e., $1,200/40). The applicable overtime rate is, therefore, $45 per hour. Because Plaintiffs allege that they and the putative class members were not paid straight time or an overtime premium for overtime hours worked, Plaintiffs and each putative class member would be entitled to $45 for each overtime hour worked, or $225 per week ($45 x 5 hours). Assuming each of the estimated 260 putative class members performed services for 50 weeks per year for a period of four years, the total amount of unpaid overtime sought would equal $11,700,000.00 ($225 x 50 weeks x 4 years x 260 putative class members). Plaintiffs' overtime claims are subject to a four-year statute of limitations because three years are available under the Labor Code with an additional fourth year available pursuant to the Unfair Competition Law. See Cal. Code Civ. Proc. § 338(a) and Cal. Bus. & Prof. Code § 17200.

31.    Given the estimated amount of unpaid overtime sought by Plaintiffs (which Defendant deems conservative based upon Plaintiffs' allegations), it is unnecessary to consider any of the other four causes of action alleged or the damages sought thereon to prove the existence of a sufficient amount in controversy. Regardless, based simply on the number of estimated class members and the nature of Plaintiffs' claims, it is clear Plaintiffs also seek considerable damages with respect to each of the other causes of action. Thus, there is no question that the $5,000,000.00 threshold is exceeded.

## TIMELINESS OF REMOVAL

32.    This Notice of Removal is timely in that it has been filed within 30 days of the service of the Summons and Complaint on or about January 3, 2008, and within one year of the filing of the Complaint on November 6, 2007. See 28 U.S.C. § 1446(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION                    9.

1

## VENUE

2     33.   The action is pending in the Superior Court of California for

3  the County of Alameda.   Venue therefore properly lies in the United States

4  District Court for the Northern District of California, Oakland Branch, pursuant

5  to 28 U.S.C. §§ 1391(a) and 1441(a).   However, Defendant reserves the right to

6  move to transfer venue on information that Plaintiffs are not residents of the

7  County of Alameda and/or for the convenience of the witnesses.

8

## NOTICE TO PLAINTIFFS

9     34.   Contemporaneously with the filing of this Notice of

10  Removal in the United States District Court for the Northern District of

11  California, written notice of such filing will be given by the undersigned to

12  Stephen Glick, Plaintiffs' counsel of record.   In addition, a copy of this Notice

13  of Removal will be filed with the Clerk of the Court for the Superior Court of

14  the County of Alameda, California.

15     WHEREFORE, Defendant now prays that the above-entitled

16  action now pending against Defendant in the Superior Court of the State of

17  California, County of Alameda, should be removed therefrom to this Court.

18

19  Dated:   February 1, 2008

20

21

DAMON M. OTT

22  LITTLER MENDELSON
A Professional Corporation

23  Attorneys for Defendants
VELOCITY EXPRESS LEASING,

24  INC. AND VELOCITY EXPRESS,
INC.

25

26

27  Firmwide:84089351.3 057214.1004

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                           10.

1  ROBERT G. HULTENG, Bar No. 071293
2  DAMON M. OTT, Bar No. 215392
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone: 415.433.1940
   Facsimile:  415.399.8490
5  E-mail: rhulteng@littler.com

6  BRADY J. MITCHELL, Bar No. 238572
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067
   Telephone: 310.553.0308
9  Facsimile:  310.553.5583
   E-mail: bmitchell@littler.com

10

11 Attorneys for Defendants
   VELOCITY EXPRESS LEASING, INC.; AND
   VELOCITY EXPRESS, INC.

12

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| 15  PHILIP JONES, and KIM KEO, individually and on behalf of others similarly situated, and on behalf of the California general public, | Case No. RG 07354933 |
| 17 | **DEFENDANTS' NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(d), 1441(a) AND 1446** |
| 18                      Plaintiff, | |
| 19  v. | Complaint Filed: November 6, 2007 (Alameda County Superior Court) |
| 20  VELOCITY EXPRESS LEASING, INC., also known as VELOCITY EXPRESS LEASING WEST COAST, INC., a Delaware Corporation; VELOCITY EXPRESS, INC., a Delaware Corporation; and DOES I through 100, Inclusive, | |
| 24                      Defendants. | |

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO
ADVERSE PARTY OF REMOVAL

1  TO PLAINTIFFS PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS

2  OF RECORD:

3           PLEASE TAKE NOTICE THAT a Notice of Removal of this action

4  was filed in the United States District Court for the Northern District of California

5  on February 1, 2008.

6           A copy of said Notice of Removal is attached to this Notice, and is

7  served and filed herewith.

8  Dated:    February 1, 2008

9

10  _____

11  DAMON M. OTT
    LITTLER MENDELSON

12  A Professional Corporation
    Attorneys for Defendants

13  VELOCITY EXPRESS LEASING,
    INC. AND VELOCITY EXPRESS,

14  INC.

15

16  Firmwide:84095640.2 057214.1004

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE TO
ADVERSE PARTY OF REMOVAL          1.

# EXHIBIT  A

1    ROBERT G. HULTENG, Bar No. 071293
     DAMON M. OTT, Bar No. 215392
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street, 20th Floor
     San Francisco, CA  94108.2693
4    Telephone:  415.433.1940
     Facsimile:  415.399.8490
5    E-mail: rhulteng@littler.com

6    BRADY J. MITCHELL, Bar No. 238572
     LITTLER MENDELSON
7    A Professional Corporation
     2049 Century Park East, 5th Floor
8    Los Angeles, CA  90067
     Telephone:  310.553.0308
9    Facsimile:  310.553.5583
     E-mail: bmitchell@littler.com

10

11   Attorneys for Defendants
     VELOCITY EXPRESS LEASING, INC.; AND
12   VELOCITY EXPRESS, INC.

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15   PHILIP JONES, and KIM KEO,              Case No.
     individually and on behalf of others
16   similarly situated, and on behalf of the    **DEFENDANTS' NOTICE TO**
     California general public,                   **FEDERAL COURT OF REMOVAL**
17                                                **OF CIVIL ACTION FROM STATE**
                   Plaintiff,                     **COURT UNDER 28 U.S.C. §§**
18                                                **1332(d), 1441(a), AND 1446**
     v.
19                                            Complaint Filed: November 6, 2007
     VELOCITY EXPRESS LEASING,               (Alameda County Superior Court)
20   INC., also known as VELOCITY
     EXPRESS WEST LEASING WEST COAST,
21   INC., a Delaware Corporation;
     VELOCITY EXPRESS, INC., a
22   Delaware Corporation; and DOES I
     through 100, Inclusive,
23
                   Defendants.
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS

2  PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS OF RECORD:

3                    PLEASE TAKE NOTICE that Defendants Velocity Express

4  Leasing, Inc. ("Velocity Express Leasing"), erroneously also sued as an entity

5  "also known as Velocity Express Leasing West Coast, Inc." and Velocity

6  Express, Inc. ("Velocity Express") (collectively "Defendants") hereby remove

7  the above-entitled action, Case No. RG 07354933, from the Superior Court of

8  the State of California, County of Alameda, to the United States District Court

9  for the Northern District of California, Oakland Branch.

10                   Removal is based on 28 U.S.C. sections 1332(d) (the Class Action

11  Fairness Act), 1441(a) and 1446.

12                   In support of this Notice of Removal, Defendant states the

13  following:

14                   **PLEADINGS, SERVICE, PROCEEDINGS**

15                   1.    On November 6, 2007, Plaintiffs Philip Jones and Kim Keo

16  (collectively "Plaintiffs") filed a Class Action Complaint in the Superior Court

17  of the State of California, in and for the County of Alameda, which was

18  captioned as follows: *Philip Jones and Kim Keo, individually and on behalf of*

19  *all others similarly situated, and on behalf of the California general public,*

20  *Plaintiff, vs. Velocity Express Leasing, Inc. also known as Velocity Express*

21  *Leasing West Coast, Inc., a Delaware Corporation; Velocity Express, Inc., a*

22  *Delaware Corporation; and DOES 1 through 100, Inclusive, Defendants,*

23  designated as case number RG 07354933 ("Complaint"). <u>See</u> Declaration of

24  Damon M. Ott in Support of Notice of Removal ("Ott Decl.") ¶ 2, Exh. A

25  (Complaint).

26                   2.    On December 19, 2007, Judge Robert Freedman of the

27  Superior Court of the State of California, County of Alameda, issued an order

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                        1.

1  designating the case (Case No. RG 07354933) complex pursuant to Rule 3.400

2  *et seq.* of the California Rules of Court. See Ott Decl. ¶ 3, Exh. B (Order).

3      3.   On January 3, 2008, Plaintiff served a copy of the Complaint

4  upon Defendants. See Ott Decl. ¶ 4, Exh. C (Notice of Service of Process).

5      4.   On January 24, 2008, the Superior Court of the State of

6  California, Judge Robert Freedman presiding, conducted an initial Complex

7  Case Management Conference.   Through its counsel, Defendants entered a

8  special appearance at the conference for the sole purpose of notifying the court

9  of Defendants' intention to remove the case to federal court.  Plaintiffs appeared

10  generally at the conference, but did not file a Case Management Conference

11  Statement. See Ott Decl. ¶ 5.

12      5.   On January 28, 2008, Plaintiffs' counsel, Stephen Glick,

13  served a Notice of Ruling dated January 25, 2008, which memorialized the

14  developments that occurred during the Complex Case Management Conference,

15  and noticed the next Complex Case Management Conference for February 28,

16  2008. See Ott Decl. ¶ 4, Exh. D (Notice of Ruling).

17      6.   The above described documents, which are attached as

18  Exhibits A, B, C, and D to the Declaration of Damon M. Ott in Support of

19  Notice of Removal, constitute all of the papers that have been filed or received

20  in this action by Defendant.  See Ott Decl. ¶ 7.  Their submission thereby

21  satisfies the requirements of 28 U.S.C. Section 1446(a).

22      7.   The January 24, 2008 Complex Case Management

23  Conference is the only proceeding to have been conducted in the Superior Court

24  of the State of California, County of Alameda, in the above-captioned matter.

25  See Ott Decl. ¶ 8.

26                    **JURISDICTION**

27      8.   This Court has original jurisdiction over this matter under

28  the Class Action Fairness Act because it is a civil action filed as a class action

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    2.

1  wherein the aggregate amount in controversy exceeds $5,000,000, exclusive of

2  interest and costs, and at least one plaintiff (if not all) is a citizen of a different

3  State than at least one (if not all) Defendants.  28 U.S.C. § 1332 (d).  Although

4  the Class Action Fairness Act contains a number of exceptions to this newly

5  created rule of original jurisdiction (set forth in 28 U.S.C. Section 1332(d)(3)-

6  (5)), however, none of the apply here.  Removal of this case to federal court is,

7  therefore, proper.  28 U.S.C. § 1441(a).

8                              **DIVERSITY**

9          9.    To satisfy the diversity component, the Class Action

10  Fairness Act requires that at least one member of a class of plaintiffs be a

11  citizen of a State different from any defendant.  This requirement is satisfied

12  here.

13         10.   Defendants are informed and believe that Plaintiff Philip

14  Jones is, and at all times relevant to this action was, a citizen of the State of

15  California.  <u>See</u> Ott Decl. ¶ 9.

16         11.   Defendants are informed and believe that Plaintiff Kim Keo

17  is, and at all times relevant to this action was, a citizen of the State of

18  California.  <u>See</u> Ott Decl. ¶ 10.

19         12.   Defendants are informed and believe that all or nearly all of

20  the members of the class whom Philip Jones and Kim Keo purport to represent

21  are, and at all times relevant to this action were, citizens of the State of

22  California.  <u>See</u> Ott Decl. ¶8.

23         13.   A corporation is deemed to be a citizen of both the state in

24  which it was incorporated and the state where it has its principal place of

25  business.  28 U.S.C. § 1332(c).

26         14.   Both of the Defendants were incorporated in Delaware and

27  are, therefore, citizens of Delaware.  <u>See</u> Declaration of Michael Trafecante

28  ("Trafecante Decl.") ¶¶ 3-4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    3.

1    15.  To determine a corporation's principal place of business,

2  courts apply one of two tests.  The first test, known as the "place of operations

3  test," considers the principal place of business to be the state in which a

4  substantial predominance of the company's business is performed.  The second

5  test, known as the "nerve center test," deems the principal place of business to

6  be the state in which the corporation's executive and administrative functions

7  are conducted.  Tosco Corp. v. Communities for a Better Environment, 236

8  F.3d 495, 500 (9th Cir. 2001); Industrial Tectronics, Inc. v. Aero Alloy, 912

9  F.2d 1090, 1092 (9th Cir. 1990).

10    16.  In the Ninth Circuit, courts use the "place of operations test"

11  to establish a corporation's principal place of business unless a party

12  demonstrates that its activities do not substantially predominate in any one

13  particular state.  Tosco, supra, 236 F.3d at 500 (holding the "Ninth Circuit

14  applies the place of operations test unless the [party] shows that its activities do

15  not substantially predominate in any one state.").  To establish "substantial

16  predominance," a party must show that the amount of its business activity in

17  one state is significantly larger than any other state in which it conducts

18  business. Id.

19    17.  Although Defendants Velocity Express Leasing and

20  Velocity Express are two separate legal entities, their business operations for the

21  purposes of this suit are essentially one and the same.  See Trafecante Decl. ¶ 5.

22  Defendants are in the business of providing delivery services by and through a

23  network of independent contractors.  Id.  Defendants share the same Chief

24  Executive Officer, Chief Financial Officer, and Chief Administrative Officer,

25  all of whom work out of Defendants' shared headquarters.  Trafecante Decl. ¶

26  8.  Thus, it can be said that Defendants' business operations are wholly

27  integrated.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    4.

18.   Defendants' business activity is spread throughout 40 states, with no one state predominating.  Trafecante Decl. ¶¶ 6-7.  The states in which Defendants conduct the greatest volume of business are Florida and New York; however, the business activity in these states is not significantly greater than that conducted in other states.  Trafecante Decl. ¶¶ 6-7.  Regardless, if the place of operations test were used, Defendants' principal place of business would likely be New York, with Defendants being deemed citizens of the same. Under no circumstances would either Defendant be deemed a citizen of California using the place of operations test.

19.   Because the business activity of Defendants in New York— or any other state—is insufficient to trigger the place of operations test, the nerve center test must instead be applied.  The analysis under the nerve center test would be the same for both Defendants because they are jointly operated by the same executive and administrative personnel in the same locations.  The vast majority of Defendants' executive and administrative functions are conducted at their headquarters in Westport, Connecticut.  See Trafecante Decl. ¶ 8.  The Westport headquarters houses the Chief Executive Officer, the Chief Financial Officer and the Chief Operations Officer, to name only a few.  While Defendants maintain smaller satellite offices in Texas and New Jersey, the majority of all executive, managerial and administrative decisions are made in the Westport, Connecticut office.  See Trafecante Decl. ¶¶ 8-10.  Defendants do not maintain a corporate or administrative office in California, although they do operate other types of operational facilities in the state.  See Trafecante Decl. ¶¶ 11-12.

20.   In light of the above facts, Defendants' principal place of business under the nerve center test, which is applicable here, is Connecticut. Defendants are, therefore, citizens of Connecticut (and Delaware).   By comparison, Defendants' activities in Texas and New Jersey are too minimal for

.ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                          5.

1    either of those states to be deemed Defendants' principal place of business

2    under the nerve center test. Regardless, it is clear under this test that California

3    would not be the principal place of business for either Defendant.

4        21.    Although the Complaint includes "Doe" Defendants 1

5    through 100, pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendants

6    sued under fictitious names should be disregarded for the purpose of

7    determining diversity jurisdiction. See Newcomb v. Adolf Coors Co., 157 F. 3d

8    686, 690 (9th Cir. 1998).

9        **AMOUNT IN CONTROVERSY**

10        22.    The Class Action Fairness Act requires that the aggregate

11    damages sought by the class members exceeds $5,000,000.00 exclusive of

12    interest and costs.  28 U.S.C. § 1332(d)(2) and (6).  Plaintiffs' Complaint is

13    silent as to the total amount of damages claimed.  However, the failure of the

14    Complaint to specify the amount of damages sought does not deprive this Court

15    of jurisdiction. See White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D.

16    W.Va. 1994) (permitting removal notwithstanding the failure of Plaintiff to

17    plead a specific dollar amount in controversy; if the rules were otherwise, "any

18    plaintiff could avoid removal simply by declining...to place a specific dollar

19    value upon its claim").    To establish jurisdiction, Defendants need only

20    demonstrate by a preponderance of the evidence that Plaintiffs' claims exceed

21    the jurisdictional minimum.  See Sanchez v. Monumental Life Ins. Co., 102

22    F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116

23    F.3d 373, 376 (9th Cir. 1997).

24        23.    Although Defendants deny the validity of Plaintiffs' claims

25    and the requests for relief thereon, the facial allegations in Plaintiffs' Complaint

26    and the damages claimed therein are in excess of the jurisdictional minimum.

27    Such a showing can be made by relying solely upon the lengthy list of damages

28    and other relief requested by Plaintiffs. See Luckett v. Delta Airlines, Inc., 171

ITTLER MENDELSON
\ PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                          6.

1   F.3d 295, 298 (5th Cir. 1999) (finding that damages sought by plaintiff,

2   although silent as to an amount, were sufficient to support a finding of

3   jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)

4   (stating that "defendant can show by a preponderance of the evidence that the

5   amount in controversy is greater than the jurisdictional amount"); accord Gaus

6   v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc.,

7   319 F.3d 672, 674-76 (5th Cir. 2003) (facially apparent from the complaint that

8   plaintiff's claim exceeded the jurisdictional threshold).  Even a conservative

9   reading of Plaintiffs' Complaint and requests for relief makes clear that the

10  amount in controversy easily exceeds the jurisdictional minimum.

11          24.   In their Complaint, Plaintiffs seek on behalf of themselves

12  and the putative class: (1) unpaid overtime wages; (2) unpaid minimum wages;

13  (3) reimbursement for all business related expenses; (4) statutory penalties for

14  failure to timely pay all wages owed upon discharge; (5) statutory penalties for

15  failure to provide itemized wage statements; (6) liquidated damages for failure

16  to pay minimum wages; (7) interest on all due and unpaid wages; and (8) an

17  award of attorneys' fees and costs. See Ott Decl. ¶ 2, Exh. A, Complaint.

18          25.   In essence, the Complaint defines the putative class as "[a]ll

19  California-based couriers or other similar titles who claim" they are entitled to

20  any of the relief sought in the Complaint. See Ott Decl. ¶ 2, Exh. A. (The

21  actual language of the Complaint describes the class in terms of five subclasses

22  that mirror the five primary causes of action.)

23          26.   Defendants currently contract with approximately 260

24  independent contractor couriers ("contractors") in California. See Trafecante

25  Decl. ¶ 7. Thus, assuming Plaintiffs' allegations to be true (which Defendant

26  strenuously disputes), the putative class would likely consist of no fewer than

27  260 contractors. This figure is conservative because it assumes a static universe

28  in which the contractors contracting with Defendants remained the same during

.ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                        7.

1    the entire relevant limitations periods, which is not the case. Regardless, even

2    assuming a conservative courier class of 260, the amount in controversy easily

3    exceeds $5,000,000.00. In fact, Plaintiffs' claim for unpaid overtime alone far

4    exceeds the minimum threshold.

5           27.   Although the Complaint does not specify the precise amount

6    of unpaid overtime sought, the Complaint alleges that "Plaintiffs and all

7    members of the classes...were scheduled as a matter of established company

8    policy to work and in fact worked...in excess of eight (8) hours per day and in

9    excess of forty (40) hours per work week <u>without receiving straight time or</u>

10   <u>overtime compensation</u> for such excess hours..." <u>See</u> Ott Decl. ¶ 2, Exh. A, ¶

11   34 (emphasis added).

12          28.   The number of hours contractors spend per week performing

13   delivery services arranged by Defendants varies greatly from week to week and

14   from contractor to contractor. <u>See</u> Declaration of Brian Savage in Support of

15   Notice of Removal ("Savage Decl.") ¶ 3. In general, however, contractors

16   spend between 35 and 55 hours per week performing delivery services arranged

17   by Defendants. Savage Decl. ¶ 3. Based on this information, as well as the

18   allegations contained in the Complaint, it is reasonable to assume for purposes

19   of this removal that Plaintiffs and the putative class members each worked an

20   average of approximately 45 hours per week, five of which being overtime

21   hours.

22          29.   Like the number of hours, the amount of revenue

23   Defendants pay to contractors for performing delivery services also varies

24   greatly from week to week and contractor to contractor. Savage Decl. ¶ 4.

25   Most contractors, however, are paid revenue ranging between approximately

26   $900.00 and $1,500.00 per week. Based on this information, it is reasonable to

27   assume for purposes of this removal that Plaintiffs and the putative class

28   members were each paid an average of $1,200 per week.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION       8.

1    30.   Assuming Plaintiffs prevail on their overtime claim, based
2    on the above averages, the applicable "regular rate" of pay for Plaintiffs and the
3    putative class members under California law would be $30 per hour (i.e.,
4    $1,200/40).  The applicable overtime rate is, therefore, $45 per hour.  Because
5    Plaintiffs allege that they and the putative class members were not paid straight
6    time or an overtime premium for overtime hours worked, Plaintiffs and each
7    putative class member would be entitled to $45 for each overtime hour worked,
8    or $225 per week ($45 x 5 hours).  Assuming each of the estimated 260 putative
9    class members performed services for 50 weeks per year for a period of four
10   years, the total amount of unpaid overtime sought would equal $11,700,000.00
11   ($225 x 50 weeks x 4 years x 260 putative class members).  Plaintiffs' overtime
12   claims are subject to a four-year statute of limitations because three years are
13   available under the Labor Code with an additional fourth year available
14   pursuant to the Unfair Competition Law.  See Cal. Code Civ. Proc. § 338(a) and
15   Cal. Bus. & Prof. Code § 17200.

16   31.   Given the estimated amount of unpaid overtime sought by
17   Plaintiffs (which Defendant deems conservative based upon Plaintiffs'
18   allegations), it is unnecessary to consider any of the other four causes of action
19   alleged or the damages sought thereon to prove the existence of a sufficient
20   amount in controversy.  Regardless, based simply on the number of estimated
21   class members and the nature of Plaintiffs' claims, it is clear Plaintiffs also seek
22   considerable damages with respect to each of the other causes of action.  Thus,
23   there is no question that the $5,000,000.00 threshold is exceeded.

**TIMELINESS OF REMOVAL**

25   32.   This Notice of Removal is timely in that it has been filed within 30
26   days of the service of the Summons and Complaint on or about January 3, 2008,
27   and within one year of the filing of the Complaint on November 6, 2007.  See
28   28 U.S.C. § 1446(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                          9.

1

## VENUE

2    33.    The action is pending in the Superior Court of California for

3    the County of Alameda.    Venue therefore properly lies in the United States

4    District Court for the Northern District of California, Oakland Branch, pursuant

5    to 28 U.S.C. §§ 1391(a) and 1441(a).    However, Defendant reserves the right to

6    move to transfer venue on information that Plaintiffs are not residents of the

7    County of Alameda and/or for the convenience of the witnesses.

8

## NOTICE TO PLAINTIFFS

9    34.    Contemporaneously with the filing of this Notice of

10    Removal in the United States District Court for the Northern District of

11    California, written notice of such filing will be given by the undersigned to

12    Stephen Glick, Plaintiffs' counsel of record.    In addition, a copy of this Notice

13    of Removal will be filed with the Clerk of the Court for the Superior Court of

14    the County of Alameda, California.

15    WHEREFORE, Defendant now prays that the above-entitled

16    action now pending against Defendant in the Superior Court of the State of

17    California, County of Alameda, should be removed therefrom to this Court.

18

19    Dated:    February 1, 2008

20

21    _____

22    DAMON M. OTT
     LITTLER MENDELSON

23    A Professional Corporation
     Attorneys for Defendants

24    VELOCITY EXPRESS LEASING,
     INC. AND VELOCITY EXPRESS,

25    INC.

26

27    Firmwide:84089351.3 057214.1004

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                    10.

1  ROBERT G. HULTENG, Bar No. 071293
2  DAMON M. OTT, Bar No. 215392
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone: 415.433.1940
5  Facsimile: 415.399.8490
   E-mail: rhulteng@littler.com

6  BRADY J. MITCHELL, Bar No. 238572
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067
   Telephone: 310.553.0308
9  Facsimile: 310.553.5583
   E-mail: bmitchell@littler.com

10

11 Attorneys for Defendants
   VELOCITY EXPRESS LEASING, INC.; AND
12 VELOCITY EXPRESS, INC.

   ENDORSED
   FILED
   ALAMEDA COUNTY

   FEB 0 1 2008

   CLERK OF THE SUPERIOR COURT
   By Tasha Perry, Deputy

13           SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15 PHILIP JONES, and KIM KEO,               Case No. RG 07354933
   individually and on behalf of others
16 similarly situated, and on behalf of the
   California general public,               **DEFENDANTS' NOTICE TO STATE**
17                                          **COURT OF REMOVAL OF ACTION**
              Plaintiff,                    **TO FEDERAL COURT**
18
   v.
19                                          Complaint Filed: November 6, 2007
20 VELOCITY EXPRESS LEASING,
   INC., also known as VELOCITY
21 EXPRESS LEASING WEST COAST,
   INC., a Delaware Corporation;
22 VELOCITY EXPRESS, INC., a
   Delaware Corporation; and DOES I
23 through 100, Inclusive,

24           Defendants.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE TO STATE
COURT OF REMOVAL

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2            PLEASE TAKE NOTICE THAT on February 1, 2008, Defendants

3   Velocity Express Leasing, Inc. (erroneously also sued as an entity "also known

4   as Velocity Express Leasing West Coast, Inc.") and Velocity Express, Inc.

5   (collectively "Defendants") filed a Notice of Removal in the office of the clerk

6   of the United States District Court for the Northern District of California,

7   Oakland Branch.  A copy of Defendants' Notice is attached hereto.

8            PLEASE TAKE FURTHER NOTICE THAT by the filing of said

9   Notice of Removal in the United States District Court, and by this Notice to

10  State Court, the above-entitled action has been removed from this Court to the

11  United States District Court for the Northern District of California, Oakland

12  Branch, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446.  Accordingly,

13  this Court may not proceed further in the above-captioned matter unless and

14  until it is remanded.

15  Dated:   February 1, 2008

16

17

18  DAMON M. OTT
    LITTLER MENDELSON
19  A Professional Corporation
    Attorneys for Defendants
20  VELOCITY EXPRESS LEASING,
    INC. AND VELOCITY EXPRESS,
21  INC.

22  Firmwide:84095265.2 057214.1004

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE TO STATE
COURT OF REMOVAL                    1.

# EXHIBIT A

1 ROBERT G. HULTENG, Bar No. 071293
 DAMON M. OTT, Bar No. 215392
2 LITTLER MENDELSON
 A Professional Corporation
3 650 California Street, 20th Floor
 San Francisco, CA  94108.2693
4 Telephone:  415.433.1940
 Facsimile:   415.399.8490
5 E-mail: rhulteng@littler.com

6 BRADY J. MITCHELL, Bar No. 238572
 LITTLER MENDELSON
7 A Professional Corporation
 2049 Century Park East, 5th Floor
8 Los Angeles, CA  90067
 Telephone:  310.553.0308
9 Facsimile:   310.553.5583
 E-mail: bmitchell@littler.com

10

11 Attorneys for Defendants
 VELOCITY EXPRESS LEASING, INC.; AND
12 VELOCITY EXPRESS, INC.

13     UNITED STATES DISTRICT COURT

14    NORTHERN DISTRICT OF CALIFORNIA

15 PHILIP JONES, and KIM KEO, Case No. **C08-00773 VRW**
 individually and on behalf of others
16 similarly situated, and on behalf of the **DEFENDANTS' NOTICE TO**
 California general public, **FEDERAL COURT OF REMOVAL**
17    **OF CIVIL ACTION FROM STATE**
   Plaintiff, **COURT UNDER 28 U.S.C. §§**
18    **1332(d), 1441(a), AND 1446**

19 v. Complaint Filed: November 6, 2007
   (Alameda County Superior Court)
20 VELOCITY EXPRESS LEASING,
 INC., also known as VELOCITY
21 EXPRESS LEASING WEST COAST,
 INC., a Delaware Corporation;
22 VELOCITY EXPRESS, INC., a
 Delaware Corporation; and DOES I
23 through 100, Inclusive,

24   Defendants.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS

2  PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that Defendants Velocity Express

4  Leasing, Inc. ("Velocity Express Leasing"), erroneously also sued as an entity

5  "also known as Velocity Express Leasing West Coast, Inc." and Velocity

6  Express, Inc. ("Velocity Express") (collectively "Defendants") hereby remove

7  the above-entitled action, Case No. RG 07354933, from the Superior Court of

8  the State of California, County of Alameda, to the United States District Court

9  for the Northern District of California, Oakland Branch.

10          Removal is based on 28 U.S.C. sections 1332(d) (the Class Action

11  Fairness Act), 1441(a) and 1446.

12          In support of this Notice of Removal, Defendant states the

13  following:

14          **PLEADINGS, SERVICE, PROCEEDINGS**

15          1.    On November 6, 2007, Plaintiffs Philip Jones and Kim Keo

16  (collectively "Plaintiffs") filed a Class Action Complaint in the Superior Court

17  of the State of California, in and for the County of Alameda, which was

18  captioned as follows: *Philip Jones and Kim Keo, individually and on behalf of*

19  *all others similarly situated, and on behalf of the California general public,*

20  *Plaintiff, vs. Velocity Express Leasing, Inc. also known as Velocity Express*

21  *Leasing West Coast, Inc., a Delaware Corporation; Velocity Express, Inc., a*

22  *Delaware Corporation; and DOES 1 through 100, Inclusive, Defendants,*

23  designated as case number RG 07354933 ("Complaint"). <u>See</u> Declaration of

24  Damon M. Ott in Support of Notice of Removal ("Ott Decl.") ¶ 2, Exh. A

25  (Complaint).

26          2.    On December 19, 2007, Judge Robert Freedman of the

27  Superior Court of the State of California, County of Alameda, issued an order

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION        1.

1    designating the case (Case No. RG 07354933) complex pursuant to Rule 3.400

2    *et seq.* of the California Rules of Court. See Ott Decl. ¶ 3, Exh. B (Order).

3         3.    On January 3, 2008, Plaintiff served a copy of the Complaint

4    upon Defendants. See Ott Decl. ¶ 4, Exh. C (Notice of Service of Process).

5         4.    On January 24, 2008, the Superior Court of the State of

6    California, Judge Robert Freedman presiding, conducted an initial Complex

7    Case Management Conference.  Through its counsel, Defendants entered a

8    special appearance at the conference for the sole purpose of notifying the court

9    of Defendants' intention to remove the case to federal court. Plaintiffs appeared

10   generally at the conference, but did not file a Case Management Conference

11   Statement. See Ott Decl. ¶ 5.

12        5.    On January 28, 2008, Plaintiffs' counsel, Stephen Glick,

13   served a Notice of Ruling dated January 25, 2008, which memorialized the

14   developments that occurred during the Complex Case Management Conference,

15   and noticed the next Complex Case Management Conference for February 28,

16   2008. See Ott Decl. ¶ 4, Exh. D (Notice of Ruling).

17        6.    The above described documents, which are attached as

18   Exhibits A, B, C, and D to the Declaration of Damon M. Ott in Support of

19   Notice of Removal, constitute all of the papers that have been filed or received

20   in this action by Defendant. See Ott Decl. ¶ 7.  Their submission thereby

21   satisfies the requirements of 28 U.S.C. Section 1446(a).

22        7.    The January 24, 2008 Complex Case Management

23   Conference is the only proceeding to have been conducted in the Superior Court

24   of the State of California, County of Alameda, in the above-captioned matter.

25   See Ott Decl. ¶ 8.

26                        **JURISDICTION**

27        8.    This Court has original jurisdiction over this matter under

28   the Class Action Fairness Act because it is a civil action filed as a class action

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA. 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    2.

1    wherein the aggregate amount in controversy exceeds $5,000,000, exclusive of

2    interest and costs, and at least one plaintiff (if not all) is a citizen of a different

3    State than at least one (if not all) Defendants.  28 U.S.C. § 1332 (d).  Although

4    the Class Action Fairness Act contains a number of exceptions to this newly

5    created rule of original jurisdiction (set forth in 28 U.S.C. Section 1332(d)(3)-

6    (5)), however, none of the apply here.  Removal of this case to federal court is,

7    therefore, proper.  28 U.S.C. § 1441(a).

8                                    **DIVERSITY**

9            9.    To satisfy the diversity component, the Class Action

10   Fairness Act requires that at least one member of a class of plaintiffs be a

11   citizen of a State different from any defendant.  This requirement is satisfied

12   here.

13           10.   Defendants are informed and believe that Plaintiff Philip

14   Jones is, and at all times relevant to this action was, a citizen of the State of

15   California.  See Ott Decl. ¶ 9.

16           11.   Defendants are informed and believe that Plaintiff Kim Keo

17   is, and at all times relevant to this action was, a citizen of the State of

18   California.  See Ott Decl. ¶ 10.

19           12.   Defendants are informed and believe that all or nearly all of

20   the members of the class whom Philip Jones and Kim Keo purport to represent

21   are, and at all times relevant to this action were, citizens of the State of

22   California.  See Ott Decl. ¶8.

23           13.   A corporation is deemed to be a citizen of both the state in

24   which it was incorporated and the state where it has its principal place of

25   business.  28 U.S.C. § 1332(c).

26           14.   Both of the Defendants were incorporated in Delaware and

27   are, therefore, citizens of Delaware.  See Declaration of Michael Trafecante

28   ("Trafecante Decl.") ¶¶ 3-4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    3.

15.   To determine a corporation's principal place of business, courts apply one of two tests.  The first test, known as the "place of operations test," considers the principal place of business to be the state in which a substantial predominance of the company's business is performed.  The second test, known as the "nerve center test," deems the principal place of business to be the state in which the corporation's executive and administrative functions are conducted.  Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001); Industrial Tectronics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

16.   In the Ninth Circuit, courts use the "place of operations test" to establish a corporation's principal place of business unless a party demonstrates that its activities do not substantially predominate in any one particular state.  Tosco, *supra*, 236 F.3d at 500 (holding the "Ninth Circuit applies the place of operations test unless the [party] shows that its activities do not substantially predominate in any one state.").  To establish "substantial predominance," a party must show that the amount of its business activity in one state is significantly larger than any other state in which it conducts business. Id.

17.   Although Defendants Velocity Express Leasing and Velocity Express are two separate legal entities, their business operations for the purposes of this suit are essentially one and the same.  See Trafecante Decl. ¶ 5. Defendants are in the business of providing delivery services by and through a network of independent contractors.  Id.  Defendants share the same Chief Executive Officer, Chief Financial Officer, and Chief Administrative Officer, all of whom work out of Defendants' shared headquarters.  Trafecante Decl. ¶ 8.  Thus, it can be said that Defendants' business operations are wholly integrated.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION                    4.

18.   Defendants' business activity is spread throughout 40 states, with no one state predominating. Trafecante Decl. ¶¶ 6-7. The states in which Defendants conduct the greatest volume of business are Florida and New York; however, the business activity in these states is not significantly greater than that conducted in other states. Trafecante Decl. ¶¶ 6-7. Regardless, if the place of operations test were used, Defendants' principal place of business would likely be New York, with Defendants being deemed citizens of the same. Under no circumstances would either Defendant be deemed a citizen of California using the place of operations test.

19.   Because the business activity of Defendants in New York— or any other state—is insufficient to trigger the place of operations test, the nerve center test must instead be applied. The analysis under the nerve center test would be the same for both Defendants because they are jointly operated by the same executive and administrative personnel in the same locations. The vast majority of Defendants' executive and administrative functions are conducted at their headquarters in Westport, Connecticut. See Trafecante Decl. ¶ 8. The Westport headquarters houses the Chief Executive Officer, the Chief Financial Officer and the Chief Operations Officer, to name only a few. While Defendants maintain smaller satellite offices in Texas and New Jersey, the majority of all executive, managerial and administrative decisions are made in the Westport, Connecticut office. See Trafecante Decl. ¶¶ 8-10. Defendants do not maintain a corporate or administrative office in California, although they do operate other types of operational facilities in the state. See Trafecante Decl. ¶¶ 11-12.

20.   In light of the above facts, Defendants' principal place of business under the nerve center test, which is applicable here, is Connecticut. Defendants are, therefore, citizens of Connecticut (and Delaware). By comparison, Defendants' activities in Texas and New Jersey are too minimal for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                              5.

1    either of those states to be deemed Defendants' principal place of business

2    under the nerve center test. Regardless, it is clear under this test that California

3    would not be the principal place of business for either Defendant.

4    　　　　21.  Although the Complaint includes "Doe" Defendants 1

5    through 100, pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendants

6    sued under fictitious names should be disregarded for the purpose of

7    determining diversity jurisdiction. See Newcomb v. Adolf Coors Co., 157 F. 3d

8    686, 690 (9th Cir. 1998).

9    　　　　　　　　**AMOUNT IN CONTROVERSY**

10    　　　　22.  The Class Action Fairness Act requires that the aggregate

11    damages sought by the class members exceeds $5,000,000.00 exclusive of

12    interest and costs.  28 U.S.C. § 1332(d)(2) and (6).  Plaintiffs' Complaint is

13    silent as to the total amount of damages claimed.  However, the failure of the

14    Complaint to specify the amount of damages sought does not deprive this Court

15    of jurisdiction. See White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D.

16    W.Va. 1994) (permitting removal notwithstanding the failure of Plaintiff to

17    plead a specific dollar amount in controversy; if the rules were otherwise, "any

18    plaintiff could avoid removal simply by declining...to place a specific dollar

19    value upon its claim").  To establish jurisdiction, Defendants need only

20    demonstrate by a preponderance of the evidence that Plaintiffs' claims exceed

21    the jurisdictional minimum.  See Sanchez v. Monumental Life Ins. Co., 102

22    F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116

23    F.3d 373, 376 (9th Cir. 1997).

24    　　　　23.  Although Defendants deny the validity of Plaintiffs' claims

25    and the requests for relief thereon, the facial allegations in Plaintiffs' Complaint

26    and the damages claimed therein are in excess of the jurisdictional minimum.

27    Such a showing can be made by relying solely upon the lengthy list of damages

28    and other relief requested by Plaintiffs.  See Luckett v. Delta Airlines, Inc., 171

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                              6.

1  F.3d 295, 298 (5th Cir. 1999) (finding that damages sought by plaintiff,
2  although silent as to an amount, were sufficient to support a finding of
3  jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)
4  (stating that "defendant can show by a preponderance of the evidence that the
5  amount in controversy is greater than the jurisdictional amount"); accord Gaus
6  v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc.,
7  319 F.3d 672, 674-76 (5th Cir. 2003) (facially apparent from the complaint that
8  plaintiff's claim exceeded the jurisdictional threshold).  Even a conservative
9  reading of Plaintiffs' Complaint and requests for relief makes clear that the
10  amount in controversy easily exceeds the jurisdictional minimum.

11          24.   In their Complaint, Plaintiffs seek on behalf of themselves
12  and the putative class: (1) unpaid overtime wages; (2) unpaid minimum wages;
13  (3) reimbursement for all business related expenses; (4) statutory penalties for
14  failure to timely pay all wages owed upon discharge; (5) statutory penalties for
15  failure to provide itemized wage statements; (6) liquidated damages for failure
16  to pay minimum wages; (7) interest on all due and unpaid wages; and (8) an
17  award of attorneys' fees and costs. See Ott Decl. ¶ 2, Exh. A, Complaint.

18          25.   In essence, the Complaint defines the putative class as "[a]ll
19  California-based couriers or other similar titles who claim" they are entitled to
20  any of the relief sought in the Complaint.  See Ott Decl. ¶ 2, Exh. A.  (The
21  actual language of the Complaint describes the class in terms of five subclasses
22  that mirror the five primary causes of action.)

23          26.   Defendants currently contract with approximately 260
24  independent contractor couriers ("contractors") in California.  See Trafecante
25  Decl. ¶ 7.  Thus, assuming Plaintiffs' allegations to be true (which Defendant
26  strenuously disputes), the putative class would likely consist of no fewer than
27  260 contractors. This figure is conservative because it assumes a static universe
28  in which the contractors contracting with Defendants remained the same during

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                        7.

1   the entire relevant limitations periods, which is not the case. Regardless, even

2   assuming a conservative courier class of 260, the amount in controversy easily

3   exceeds $5,000,000.00. In fact, Plaintiffs' claim for unpaid overtime alone far

4   exceeds the minimum threshold.

5           27.   Although the Complaint does not specify the precise amount

6   of unpaid overtime sought, the Complaint alleges that "Plaintiffs and all

7   members of the classes...were scheduled as a matter of established company

8   policy to work and in fact worked...in excess of eight (8) hours per day and in

9   excess of forty (40) hours per work week <u>without receiving straight time or</u>

10  <u>overtime compensation</u> for such excess hours..." <u>See</u> Ott Decl. ¶ 2, Exh. A, ¶

11  34 (emphasis added).

12          28.   The number of hours contractors spend per week performing

13  delivery services arranged by Defendants varies greatly from week to week and

14  from contractor to contractor. <u>See</u> Declaration of Brian Savage in Support of

15  Notice of Removal ("Savage Decl.") ¶ 3. In general, however, contractors

16  spend between 35 and 55 hours per week performing delivery services arranged

17  by Defendants. Savage Decl. ¶ 3. Based on this information, as well as the

18  allegations contained in the Complaint, it is reasonable to assume for purposes

19  of this removal that Plaintiffs and the putative class members each worked an

20  average of approximately 45 hours per week, five of which being overtime

21  hours.

22          29.   Like the number of hours, the amount of revenue

23  Defendants pay to contractors for performing delivery services also varies

24  greatly from week to week and contractor to contractor. Savage Decl. ¶ 4.

25  Most contractors, however, are paid revenue ranging between approximately

26  $900.00 and $1,500.00 per week. Based on this information, it is reasonable to

27  assume for purposes of this removal that Plaintiffs and the putative class

28  members were each paid an average of $1,200 per week.

.ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    8.

1    30.    Assuming Plaintiffs prevail on their overtime claim, based

2    on the above averages, the applicable "regular rate" of pay for Plaintiffs and the

3    putative class members under California law would be $30 per hour (i.e.,

4    $1,200/40).  The applicable overtime rate is, therefore, $45 per hour.  Because

5    Plaintiffs allege that they and the putative class members were not paid straight

6    time or an overtime premium for overtime hours worked, Plaintiffs and each

7    putative class member would be entitled to $45 for each overtime hour worked,

8    or $225 per week ($45 x 5 hours).  Assuming each of the estimated 260 putative

9    class members performed services for 50 weeks per year for a period of four

10   years, the total amount of unpaid overtime sought would equal $11,700,000.00

11   ($225 x 50 weeks x 4 years x 260 putative class members).  Plaintiffs' overtime

12   claims are subject to a four-year statute of limitations because three years are

13   available under the Labor Code with an additional fourth year available

14   pursuant to the Unfair Competition Law.  See Cal. Code Civ. Proc. § 338(a) and

15   Cal. Bus. & Prof. Code § 17200.

16   31.    Given the estimated amount of unpaid overtime sought by

17   Plaintiffs (which Defendant deems conservative based upon Plaintiffs'

18   allegations), it is unnecessary to consider any of the other four causes of action

19   alleged or the damages sought thereon to prove the existence of a sufficient

20   amount in controversy.  Regardless, based simply on the number of estimated

21   class members and the nature of Plaintiffs' claims, it is clear Plaintiffs also seek

22   considerable damages with respect to each of the other causes of action.  Thus,

23   there is no question that the $5,000,000.00 threshold is exceeded.

24   **TIMELINESS OF REMOVAL**

25   32.    This Notice of Removal is timely in that it has been filed within 30

26   days of the service of the Summons and Complaint on or about January 3, 2008,

27   and within one year of the filing of the Complaint on November 6, 2007.  See

28   28 U.S.C. § 1446(b).

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                         9.

1

**VENUE**

2        33.    The action is pending in the Superior Court of California for

3   the County of Alameda.   Venue therefore properly lies in the United States

4   District Court for the Northern District of California, Oakland Branch, pursuant

5   to 28 U.S.C. §§ 1391(a) and 1441(a).   However, Defendant reserves the right to

6   move to transfer venue on information that Plaintiffs are not residents of the

7   County of Alameda and/or for the convenience of the witnesses.

8                          **NOTICE TO PLAINTIFFS**

9        34.    Contemporaneously   with   the   filing   of   this   Notice   of

10  Removal   in   the   United   States   District   Court   for   the   Northern   District   of

11  California, written notice of such filing will be given by the undersigned to

12  Stephen Glick, Plaintiffs' counsel of record.   In addition, a copy of this Notice

13  of Removal will be filed with the Clerk of the Court for the Superior Court of

14  the County of Alameda, California.

15         WHEREFORE, Defendant now prays that the above-entitled

16  action now pending against Defendant in the Superior Court of the State of

17  California, County of Alameda, should be removed therefrom to this Court.

18

19  Dated:   February 1, 2008

20

21  _____

22  DAMON M. OTT
    LITTLER MENDELSON

23  A Professional Corporation
    Attorneys for Defendants

24  VELOCITY EXPRESS LEASING,
    INC. AND VELOCITY EXPRESS,

25  INC.

26

27  Firmwide:84089351.3 057214.1004

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                          10.

1  ROBERT G. HULTENG, Bar No. 071293
   DAMON M. OTT, Bar No. 215392
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone: 415.433.1940
   Facsimile: 415.399.8490
5  E-mail: rhulteng@littler.com

6  BRADY J. MITCHELL, Bar No. 238572
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067
   Telephone: 310.553.0308
9  Facsimile: 310.553.5583
   E-mail: bmitchell@littler.com

10

11 Attorneys for Defendants
   VELOCITY EXPRESS LEASING, INC.; AND
   VELOCITY EXPRESS, INC.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 PHILIP JONES, and KIM KEO,             Case No. C08-00773 VRW
   individually and on behalf of others
16 similarly situated, and on behalf of the    **DEFENDANTS' NOTICE TO**
   California general public,               **FEDERAL COURT OF REMOVAL**
17                                          **OF CIVIL ACTION FROM STATE**
                                            **COURT UNDER 28 U.S.C. §§**
18              Plaintiff,                  **1332(d), 1441(a), AND 1446**

19 v.                                       Complaint Filed: November 6, 2007
                                            (Alameda County Superior Court)
20 VELOCITY EXPRESS LEASING,
   INC., also known as VELOCITY
21 EXPRESS LEASING WEST COAST,
   INC., a Delaware Corporation;
22 VELOCITY EXPRESS, INC., a
   Delaware Corporation; and DOES I
23 through 100, Inclusive,

24              Defendants.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS

2   PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS OF RECORD:

3             PLEASE TAKE NOTICE that Defendants Velocity Express

4   Leasing, Inc. ("Velocity Express Leasing"), erroneously also sued as an entity

5   "also known as Velocity Express Leasing West Coast, Inc." and Velocity

6   Express, Inc. ("Velocity Express") (collectively "Defendants") hereby remove

7   the above-entitled action, Case No. RG 07354933, from the Superior Court of

8   the State of California, County of Alameda, to the United States District Court

9   for the Northern District of California, Oakland Branch.

10            Removal is based on 28 U.S.C. sections 1332(d) (the Class Action

11   Fairness Act), 1441(a) and 1446.

12            In support of this Notice of Removal, Defendant states the

13   following:

14          **PLEADINGS, SERVICE, PROCEEDINGS**

15         1.   On November 6, 2007, Plaintiffs Philip Jones and Kim Keo

16   (collectively "Plaintiffs") filed a Class Action Complaint in the Superior Court

17   of the State of California, in and for the County of Alameda, which was

18   captioned as follows: *Philip Jones and Kim Keo, individually and on behalf of*

19   *all others similarly situated, and on behalf of the California general public,*

20   *Plaintiff, vs. Velocity Express Leasing, Inc. also known as Velocity Express*

21   *Leasing West Coast, Inc., a Delaware Corporation; Velocity Express, Inc., a*

22   *Delaware Corporation; and DOES 1 through 100, Inclusive, Defendants,*

23   designated as case number RG 07354933 ("Complaint"). See Declaration of

24   Damon M. Ott in Support of Notice of Removal ("Ott Decl.") ¶ 2, Exh. A

25   (Complaint).

26         2.   On December 19, 2007, Judge Robert Freedman of the

27   Superior Court of the State of California, County of Alameda, issued an order

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION       1.

1    designating the case (Case No. RG 07354933) complex pursuant to Rule 3.400

2    *et seq.* of the California Rules of Court. See Ott Decl. ¶ 3, Exh. B (Order).

3         3.    On January 3, 2008, Plaintiff served a copy of the Complaint

4    upon Defendants. See Ott Decl. ¶ 4, Exh. C (Notice of Service of Process).

5         4.    On January 24, 2008, the Superior Court of the State of

6    California, Judge Robert Freedman presiding, conducted an initial Complex

7    Case Management Conference.   Through its counsel, Defendants entered a

8    special appearance at the conference for the sole purpose of notifying the court

9    of Defendants' intention to remove the case to federal court. Plaintiffs appeared

10   generally at the conference, but did not file a Case Management Conference

11   Statement. See Ott Decl. ¶ 5.

12        5.    On January 28, 2008, Plaintiffs' counsel, Stephen Glick,

13   served a Notice of Ruling dated January 25, 2008, which memorialized the

14   developments that occurred during the Complex Case Management Conference,

15   and noticed the next Complex Case Management Conference for February 28,

16   2008. See Ott Decl. ¶ 4, Exh. D (Notice of Ruling).

17        6.    The above described documents, which are attached as

18   Exhibits A, B, C, and D to the Declaration of Damon M. Ott in Support of

19   Notice of Removal, constitute all of the papers that have been filed or received

20   in this action by Defendant.  See Ott Decl. ¶ 7.  Their submission thereby

21   satisfies the requirements of 28 U.S.C. Section 1446(a).

22        7.    The January 24, 2008 Complex Case Management

23   Conference is the only proceeding to have been conducted in the Superior Court

24   of the State of California, County of Alameda, in the above-captioned matter.

25   See Ott Decl. ¶ 8.

26                        **JURISDICTION**

27        8.    This Court has original jurisdiction over this matter under

28   the Class Action Fairness Act because it is a civil action filed as a class action

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    2.

1   wherein the aggregate amount in controversy exceeds $5,000,000, exclusive of

2   interest and costs, and at least one plaintiff (if not all) is a citizen of a different

3   State than at least one (if not all) Defendants.  28 U.S.C. § 1332 (d).  Although

4   the Class Action Fairness Act contains a number of exceptions to this newly

5   created rule of original jurisdiction (set forth in 28 U.S.C. Section 1332(d)(3)-

6   (5)), however, none of the apply here.  Removal of this case to federal court is,

7   therefore, proper.  28 U.S.C. § 1441(a).

8                                    **DIVERSITY**

9          9.    To satisfy the diversity component, the Class Action

10  Fairness Act requires that at least one member of a class of plaintiffs be a

11  citizen of a State different from any defendant.  This requirement is satisfied

12  here.

13         10.   Defendants are informed and believe that Plaintiff Philip

14  Jones is, and at all times relevant to this action was, a citizen of the State of

15  California.  See Ott Decl. ¶ 9.

16         11.   Defendants are informed and believe that Plaintiff Kim Keo

17  is, and at all times relevant to this action was, a citizen of the State of

18  California.  See Ott Decl. ¶ 10.

19         12.   Defendants are informed and believe that all or nearly all of

20  the members of the class whom Philip Jones and Kim Keo purport to represent

21  are, and at all times relevant to this action were, citizens of the State of

22  California.  See Ott Decl. ¶8.

23         13.   A corporation is deemed to be a citizen of both the state in

24  which it was incorporated and the state where it has its principal place of

25  business. 28 U.S.C. § 1332(c).

26         14.   Both of the Defendants were incorporated in Delaware and

27  are, therefore, citizens of Delaware.  See Declaration of Michael Trafecante

28  ("Trafecante Decl.") ¶¶ 3-4.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    3.

1    15.  To determine a corporation's principal place of business,

2  courts apply one of two tests.  The first test, known as the "place of operations

3  test," considers the principal place of business to be the state in which a

4  substantial predominance of the company's business is performed.  The second

5  test, known as the "nerve center test," deems the principal place of business to

6  be the state in which the corporation's executive and administrative functions

7  are conducted.  Tosco Corp. v. Communities for a Better Environment, 236

8  F.3d 495, 500 (9th Cir. 2001); Industrial Tectronics, Inc. v. Aero Alloy, 912

9  F.2d 1090, 1092 (9th Cir. 1990).

10    16.  In the Ninth Circuit, courts use the "place of operations test"

11  to establish a corporation's principal place of business unless a party

12  demonstrates that its activities do not substantially predominate in any one

13  particular state.  Tosco, supra, 236 F.3d at 500 (holding the "Ninth Circuit

14  applies the place of operations test unless the [party] shows that its activities do

15  not substantially predominate in any one state.").  To establish "substantial

16  predominance," a party must show that the amount of its business activity in

17  one state is significantly larger than any other state in which it conducts

18  business. Id.

19    17.  Although Defendants Velocity Express Leasing and

20  Velocity Express are two separate legal entities, their business operations for the

21  purposes of this suit are essentially one and the same.  See Trafecante Decl. ¶ 5.

22  Defendants are in the business of providing delivery services by and through a

23  network of independent contractors.  Id.  Defendants share the same Chief

24  Executive Officer, Chief Financial Officer, and Chief Administrative Officer,

25  all of whom work out of Defendants' shared headquarters.  Trafecante Decl. ¶

26  8.  Thus, it can be said that Defendants' business operations are wholly

27  integrated.

28

.ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
an Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    4.

18.   Defendants' business activity is spread throughout 40 states, with no one state predominating.  Trafecante Decl. ¶¶ 6-7.  The states in which Defendants conduct the greatest volume of business are Florida and New York; however, the business activity in these states is not significantly greater than that conducted in other states.  Trafecante Decl. ¶¶ 6-7.  Regardless, if the place of operations test were used, Defendants' principal place of business would likely be New York, with Defendants being deemed citizens of the same. Under no circumstances would either Defendant be deemed a citizen of California using the place of operations test.

19.   Because the business activity of Defendants in New York— or any other state—is insufficient to trigger the place of operations test, the nerve center test must instead be applied.  The analysis under the nerve center test would be the same for both Defendants because they are jointly operated by the same executive and administrative personnel in the same locations.  The vast majority of Defendants' executive and administrative functions are conducted at their headquarters in Westport, Connecticut.  See Trafecante Decl. ¶ 8.  The Westport headquarters houses the Chief Executive Officer, the Chief Financial Officer and the Chief Operations Officer, to name only a few.  While Defendants maintain smaller satellite offices in Texas and New Jersey, the majority of all executive, managerial and administrative decisions are made in the Westport, Connecticut office.  See Trafecante Decl. ¶¶ 8-10.  Defendants do not maintain a corporate or administrative office in California, although they do operate other types of operational facilities in the state.  See Trafecante Decl. ¶¶ 11-12.

20.   In light of the above facts, Defendants' principal place of business under the nerve center test, which is applicable here, is Connecticut. Defendants are, therefore, citizens of Connecticut (and Delaware).  By comparison, Defendants' activities in Texas and New Jersey are too minimal for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION                    5.

1    either of those states to be deemed Defendants' principal place of business

2    under the nerve center test.  Regardless, it is clear under this test that California

3    would not be the principal place of business for either Defendant.

4              21.  Although the Complaint includes "Doe" Defendants 1

5    through 100, pursuant to 28 U.S.C. § 1441(a), the citizenship of Defendants

6    sued under fictitious names should be disregarded for the purpose of

7    determining diversity jurisdiction.  See Newcomb v. Adolf Coors Co., 157 F. 3d

8    686, 690 (9th Cir. 1998).

9                        **AMOUNT IN CONTROVERSY**

10             22.  The Class Action Fairness Act requires that the aggregate

11   damages sought by the class members exceeds $5,000,000.00 exclusive of

12   interest and costs.  28 U.S.C. § 1332(d)(2) and (6).  Plaintiffs' Complaint is

13   silent as to the total amount of damages claimed.  However, the failure of the

14   Complaint to specify the amount of damages sought does not deprive this Court

15   of jurisdiction.  See White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D.

16   W.Va. 1994) (permitting removal notwithstanding the failure of Plaintiff to

17   plead a specific dollar amount in controversy; if the rules were otherwise, "any

18   plaintiff could avoid removal simply by declining...to place a specific dollar

19   value upon its claim").   To establish jurisdiction, Defendants need only

20   demonstrate by a preponderance of the evidence that Plaintiffs' claims exceed

21   the jurisdictional minimum.  See Sanchez v. Monumental Life Ins. Co., 102

22   F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116

23   F.3d 373, 376 (9th Cir. 1997).

24             23.  Although Defendants deny the validity of Plaintiffs' claims

25   and the requests for relief thereon, the facial allegations in Plaintiffs' Complaint

26   and the damages claimed therein are in excess of the jurisdictional minimum.

27   Such a showing can be made by relying solely upon the lengthy list of damages

28   and other relief requested by Plaintiffs.  See Luckett v. Delta Airlines, Inc., 171

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION                                    6.

1   F.3d 295, 298 (5th Cir. 1999) (finding that damages sought by plaintiff,
2   although silent as to an amount, were sufficient to support a finding of
3   jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995)
4   (stating that "defendant can show by a preponderance of the evidence that the
5   amount in controversy is greater than the jurisdictional amount"); accord Gaus
6   v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc.,
7   319 F.3d 672, 674-76 (5th Cir. 2003) (facially apparent from the complaint that
8   plaintiff's claim exceeded the jurisdictional threshold).   Even a conservative
9   reading of Plaintiffs' Complaint and requests for relief makes clear that the
10  amount in controversy easily exceeds the jurisdictional minimum.

11          24.   In their Complaint, Plaintiffs seek on behalf of themselves
12  and the putative class: (1) unpaid overtime wages; (2) unpaid minimum wages;
13  (3) reimbursement for all business related expenses; (4) statutory penalties for
14  failure to timely pay all wages owed upon discharge; (5) statutory penalties for
15  failure to provide itemized wage statements; (6) liquidated damages for failure
16  to pay minimum wages; (7) interest on all due and unpaid wages; and (8) an
17  award of attorneys' fees and costs. See Ott Decl. ¶ 2, Exh. A, Complaint.

18          25.   In essence, the Complaint defines the putative class as "[a]ll
19  California-based couriers or other similar titles who claim" they are entitled to
20  any of the relief sought in the Complaint. See Ott Decl. ¶ 2, Exh. A.   (The
21  actual language of the Complaint describes the class in terms of five subclasses
22  that mirror the five primary causes of action.)

23          26.   Defendants currently contract with approximately 260
24  independent contractor couriers ("contractors") in California. See Trafecante
25  Decl. ¶ 7.  Thus, assuming Plaintiffs' allegations to be true (which Defendant
26  strenuously disputes), the putative class would likely consist of no fewer than
27  260 contractors. This figure is conservative because it assumes a static universe
28  in which the contractors contracting with Defendants remained the same during

ITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL          7.
ACTION

1    the entire relevant limitations periods, which is not the case.  Regardless, even

2    assuming a conservative courier class of 260, the amount in controversy easily

3    exceeds $5,000,000.00.  In fact, Plaintiffs' claim for unpaid overtime alone far

4    exceeds the minimum threshold.

5             27.    Although the Complaint does not specify the precise amount

6    of unpaid overtime sought, the Complaint alleges that "Plaintiffs and all

7    members of the classes...were scheduled as a matter of established company

8    policy to work and in fact worked...in excess of eight (8) hours per day and in

9    excess of forty (40) hours per work week without receiving straight time or

10   overtime compensation for such excess hours..."  See Ott Decl. ¶ 2, Exh. A, ¶

11   34 (emphasis added).

12            28.    The number of hours contractors spend per week performing

13   delivery services arranged by Defendants varies greatly from week to week and

14   from contractor to contractor.   See Declaration of Brian Savage in Support of

15   Notice of Removal ("Savage Decl.") ¶ 3.   In general, however, contractors

16   spend between 35 and 55 hours per week performing delivery services arranged

17   by Defendants.  Savage Decl. ¶ 3.  Based on this information, as well as the

18   allegations contained in the Complaint, it is reasonable to assume for purposes

19   of this removal that Plaintiffs and the putative class members each worked an

20   average of approximately 45 hours per week, five of which being overtime

21   hours.

22            29.   Like  the  number  of  hours,  the  amount  of  revenue

23   Defendants pay to contractors for performing delivery services also varies

24   greatly from week to week and contractor to contractor.   Savage Decl. ¶ 4.

25   Most contractors, however, are paid revenue ranging between approximately

26   $900.00 and $1,500.00 per week.  Based on this information, it is reasonable to

27   assume for purposes of this removal that Plaintiffs and the putative class

28   members were each paid an average of $1,200 per week.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL             8.
ACTION

1    30.   Assuming Plaintiffs prevail on their overtime claim, based
2  on the above averages, the applicable "regular rate" of pay for Plaintiffs and the
3  putative class members under California law would be $30 per hour (i.e.,
4  $1,200/40). The applicable overtime rate is, therefore, $45 per hour. Because
5  Plaintiffs allege that they and the putative class members were not paid straight
6  time or an overtime premium for overtime hours worked, Plaintiffs and each
7  putative class member would be entitled to $45 for each overtime hour worked,
8  or $225 per week ($45 x 5 hours). Assuming each of the estimated 260 putative
9  class members performed services for 50 weeks per year for a period of four
10  years, the total amount of unpaid overtime sought would equal $11,700,000.00
11  ($225 x 50 weeks x 4 years x 260 putative class members). Plaintiffs' overtime
12  claims are subject to a four-year statute of limitations because three years are
13  available under the Labor Code with an additional fourth year available
14  pursuant to the Unfair Competition Law. See Cal. Code Civ. Proc. § 338(a) and
15  Cal. Bus. & Prof. Code § 17200.

16    31.   Given the estimated amount of unpaid overtime sought by
17  Plaintiffs (which Defendant deems conservative based upon Plaintiffs'
18  allegations), it is unnecessary to consider any of the other four causes of action
19  alleged or the damages sought thereon to prove the existence of a sufficient
20  amount in controversy. Regardless, based simply on the number of estimated
21  class members and the nature of Plaintiffs' claims, it is clear Plaintiffs also seek
22  considerable damages with respect to each of the other causes of action. Thus,
23  there is no question that the $5,000,000.00 threshold is exceeded.

24                    **TIMELINESS OF REMOVAL**

25    32.   This Notice of Removal is timely in that it has been filed within 30
26  days of the service of the Summons and Complaint on or about January 3, 2008,
27  and within one year of the filing of the Complaint on November 6, 2007. See
28  28 U.S.C. § 1446(b).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL          9.
ACTION

**VENUE**

33.    The action is pending in the Superior Court of California for the County of Alameda.    Venue therefore properly lies in the United States District Court for the Northern District of California, Oakland Branch, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a).  However, Defendant reserves the right to move to transfer venue on information that Plaintiffs are not residents of the County of Alameda and/or for the convenience of the witnesses.

**NOTICE TO PLAINTIFFS**

34.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Stephen Glick, Plaintiffs' counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California.

WHEREFORE, Defendant now prays that the above-entitled action now pending against Defendant in the Superior Court of the State of California, County of Alameda, should be removed therefrom to this Court.

Dated:   February 1, 2008

DAMON M. OTT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
VELOCITY EXPRESS LEASING,
INC. AND VELOCITY EXPRESS,
INC.

Firmwide:84089351.3 057214.1004

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940