1   ROBERT G. HULTENG, Bar No. 071293
2   DAMON M. OTT, Bar No. 215392
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone: 415.433.1940
    Facsimile: 415.399.8490
5   E-mail: rhulteng@littler.com

6   BRADY J. MITCHELL, Bar No. 238572
    LITTLER MENDELSON
7   A Professional Corporation
    2049 Century Park East, 5th Floor
8   Los Angeles, CA 90067
    Telephone: 310.553.0308
9   Facsimile: 310.553.5583
    E-mail: bmitchell@littler.com
10
11  Attorneys for Defendants
    VELOCITY EXPRESS LEASING, INC.; AND
    VELOCITY EXPRESS, INC.
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  PHILIP JONES, and KIM KEO,          Case No. C08-00773
    individually and on behalf of others
16  similarly situated, and on behalf of the
    California general public,
17                                      DECLARATION OF DAMON M.
          Plaintiff,                    OTT IN SUPPORT OF
18                                      DEFENDANTS' NOTICE OF
                                        REMOVAL
19  v.

20  VELOCITY EXPRESS LEASING,
    INC., also known as VELOCITY        Complaint Filed: November 6, 2007
21  EXPRESS LEASING WEST COAST,         (Alameda County Superior Court)
    INC., a Delaware Corporation;
22  VELOCITY EXPRESS, INC., a
    Delaware Corporation; and DOES I
23  through 100, Inclusive,

24        Defendants.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF DAMON M. OTT ISO
NOTICE OF REMOVAL
Firmwide:84204096.1 057214.1004

I, DAMON M. OTT, do hereby declare and state as follows:

1.    I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendants Velocity Express Leasing Inc. (erroneously also sued as an entity "also known as Velocity Express Leasing West Coast, Inc.") and Velocity Express, Inc. (collectively "Defendants") in the above-entitled matter.   I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District of California and am one of the attorneys responsible for representing Defendants in this action.  All of the information contained herein is based upon my personal and first hand knowledge, unless otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

2.    I am informed and believe that on or about November 6, 2007, Plaintiffs Philip Jones and Kim Keo (collectively "Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Alameda, in the above-captioned matter, Case No. RG 07354933.  Attached as "Exhibit A" is a true and correct copy of this Complaint.

3.    I am informed and believe that on or about December 19, 2007, Judge Robert Freedman of the Superior Court of the State of California, County of Alameda, issued an order designating the case (Case No. RG 07354933) complex pursuant to Rule 3.400 *et seq.* of the California Rules of Court. Attached hereto as "Exhibit B" is a true and correct copy of the December 19, 2008 Order.

4.    I am informed and believe that on or about January 3, 2008, Plaintiffs served a copy of the Summons and Complaint upon Defendants. Attached hereto as "Exhibit C" is a true and correct copy of the Notice of Service of Process.

5.    On January 24, 2008, the Superior Court of the State of California, Judge Robert Freedman presiding, conducted an initial Complex Case

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF DAMON M. OTT ISO
NOTICE OF REMOVAL                    2.
Firmwide:84204096.1 057214.1004

1    Management Conference.  Through its counsel, Defendants entered a special

2    appearance at the Complex Case Management Conference for the sole purpose

3    of notifying the court of Defendants' intention to remove the case to federal

4    court.  Plaintiffs appeared generally at the conference, but did not file a Case

5    Management Conference Statement.

6        6.    On January 28, 2008, Plaintiffs' counsel, Stephen Glick, served a

7    Notice of Ruling dated January 25, 2008, which memorialized the

8    developments that occurred during the Complex Case Management Conference,

9    and noticed the next Complex Case Management Conference for February 28,

10   2008.  Attached hereto as "Exhibit D" is a true and correct copy of the January

11   25, 2008 Notice of Ruling.

12       7.    To the best of my knowledge, the above described documents,

13   which are attached hereto as Exhibits A, B, C, and D, constitute all of the

14   papers that have been filed or received in this action by Defendant.

15       8.    To the best of my knowledge, the January 24, 2008 Complex Case

16   Management Conference is the only proceeding to have been conducted in the

17   Superior Court of the State of California, County of Alameda, in the above-

18   captioned matter.

19       9.    I am informed and believe that Plaintiff Philip Jones is, and at all

20   times relevant to this action was, a citizen of the State of California.

21       10.   I am informed and believe that Plaintiff Kim Keo is, and at all

22   times relevant to this action was, a citizen of the State of California.

23       11.   I am informed and believe that the class members whom Plaintiffs

24   Philip Jones and Kim Keo purport to represent—the California-based courier

25   drivers who claim they are entitled to the relief sought in Plaintiffs'

26   Complaint—are, and at all times relevant to this action were, citizens of the

27   State of California.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DECL. OF DAMON M. OTT ISO
NOTICE OF REMOVAL                3.
Firmwide:84204096.1 057214.1004

1         I declare under penalty of perjury under the laws of the United

2   States of America that the foregoing is true and correct.

3         Dated this 1st day of February 2008 in San Francisco, California.

4

5

6   DAMON M. OTT

7

8   Firmwide:84089356.2 057214.1004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECL. OF DAMON M. OTT ISO
NOTICE OF REMOVAL
Firmwide:84204096.1 057214.1004

# EXHIBIT  A

*5844471*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
VELOCITY EXPRESS LEASING, INC. also known as VELOCITY
EXPRESS LEASING WEST COAST, INC., a Delaware
Corporation; VELOCITY EXPRESS, INC., a Delaware
Corporation; and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
PHILIP JONES and KIM KEO, individually and on behalf
of all others similarly situated, and on behalf of
the California general public

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# FILED
## ALAMEDA COUNTY

NOV 1 3 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>ALAMEDA SUPERIOR COURT<br>1225 Fallon St.<br><br>Oakland, CA 94612 | CASE NUMBER:<br>(Número del Caso):<br>**G07 354938** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
STEPHEN GLICK                                    (213)387-3400      (213) 387-7872
LAW OFFICES OF STEPHEN GLICK
1055 WILSHIRE BLVD., STE. 1480
LOS ANGELES, CA 90017

DATE: **NOV 1 3 2007**    PAT S. SWEETEN    Clerk, by _____, Deputy
(Fecha)                    (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).



**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

FILED
ALAMEDA COUNTY

NOV 0 6 2007

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

1   LAW OFFICES OF STEPHEN GLICK
    Stephen Glick, CSB# 59404
2   1055 Wilshire Boulevard, Suite 1480
    Los Angeles, California 90017
3   Telephone: (213) 387-3400
    Fax: (213) 387-7872
4
5   DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP
    Paul R. Fine, State Bar No. 53514
6   Scott A. Brooks, State Bar No. 160115
    Craig S. Momita, State Bar No. 163347
7   1801 Century Park East, Ninth Floor
    Los Angeles California 90067
8   Telephone: (310) 556-7900
    Facsimile: (310) 556-2807
9
    LAW OFFICES OF IAN HERZOG
10  Ian Herzog, State Bar No. 41396
    233 Wilshire Boulevard, Suite 550
11  Santa Monica, California 91401
    Telephone: (310) 458-6660
12  Facsimile: (310) 458-9065
13
14  Attorneys for Plaintiffs PHILIP JONES and KIM KEO individually and on behalf of all others
    similarly situated, and on behalf of the California general public
15
16              SUPERIOR COURT OF THE STATE OF CALIFORNIA
17                   FOR THE COUNTY OF ALAMEDA
18

| 19 | PHILIP JONES, and KIM KEO, individually and on behalf of all others similarly situated, and on behalf of the California general public, | Case No.: R G07 354933 |
|---|---|---|
| 20 | | CLASS ACTION |
| 21 | Plaintiff, | COMPLAINT FOR: |
| 22 | vs. | |
| 23 | VELOCITY EXPRESS LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC., a Delaware Corporation; VELOCITY EXPRESS, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive, | 1. RECOVERY OF UNPAID WAGES AND PENALTIES (LABOR CODE §§ 201, 204, 206, 510, 558; IWC ORDER 5 § 3); |
| 24 | | |
| 25 | | 2. RECOVERY OF UNPAID MINIMUM WAGES (LABOR CODE §§ 1194, 1197; IWC ORDER 5 § 4); |
| 26 | Defendants. | |
| 27 | | 3. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (LABOR CODE §§2802, §2804; |
| 28 | | |

- 1 -

COMPLAINT

1                          _Estrada v. Fedex Ground Package Sys. Inc._, Cal.
Ct. App., No. B189031, 8/13/07; _Air Couriers
2                          Intern. v. Employment Development Dept._
150 Cal.App.4th 923, 59 Cal.Rptr.3d 37; _JKH
3                          Enterprises, Inc. v. Department of Industrial
Relations_ 142 Cal.App.4th 1046, 48 Cal.Rptr.3d
4                          563);

5

6                          4.  FAILURE TO PAY ALL EARNED WAGES
UPON SEPARATION (LABOR CODE § 203);

7

8                          5.  FAILURE TO PROVIDE ITEMIZED WAGE
STATEMENTS (LABOR CODE § 226);

9

10                        6.  UNFAIR BUSINESS PRACTICES,
BUSINESS AND PROFESSIONS CODE §§
17200, ET SEQ.

11

12         Come now Plaintiffs PHILIP JONES and KIM KEO, individually, on behalf of all others

13  similarly situated, and on behalf of the California general public, who complain and allege as

14  follows:

15

16                        **JURISDICTION**

17         1.  This is a civil action seeking recovery of unpaid wages and waiting time penalties under

18  California Labor Code §§ 1194 et seq., Labor Code §§ 201 et seq., and Labor Code §§ 500 et seq.

19  This is also an action for recovery for violation of California Labor Code § 1197 for payment of less

20  than minimum wages, violation of Labor Code § 2802 for failure to fully reimburse for business

21  expenses, and Labor Code § 226(b) for failure to provide itemized employee wage statements.

22  Plaintiff, on behalf of himself and all other members of the classes alleged herein, additionally

23  brings an action for monetary damages for Defendants' violation of Business and Professions Code

24  §§ 17200 et seq., including full restitution, compensation and benefits retained by Defendants as a

25  result of their unlawful, fraudulent , and unfair business practices.

26

27

28

- 2 -

COMPLAINT

**VENUE**

2.    Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5 as the acts complained of herein occurred in the County of Alameda. Each Defendant either owns, maintains offices, transacts business, has an agent or agents within Alameda County, or otherwise is found within Alameda County, and each Defendant is within the jurisdiction of this Court for purposes of service of process.

**GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES**

3.    The acts complained of herein occurred within the last four (4) years preceding the filing of the complaint.

4.    Plaintiffs PHILIP JONES and KIM KEO and the class they represent (hereinafter "the class") claim they were improperly classified as contract couriers or other similarly designated title and were not paid overtime wages, did not receive minimum wage, were not reimbursed for business expenses, were not paid if terminated or resigned, and who were not provided with itemized wage statements, as required by the various Labor Codes of the State of California and California Industrial Welfare Commission Order applicable to Defendants VELOCITY EXPRESS LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC. and VELOCITY EXPRESS, INC.'S business.

5.    Defendants, VELOCITY EXPRESS LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC., and VELOCITY EXPRESS, INC., failed to properly pay overtime and minimum wages, failed to reimburse for business expenses, failed to pay all earned wages upon separation, and failed to provide itemized wage statements to Plaintiffs, PHILIP JONES and KIM KEO, and the class they represent.

6.    Defendants VELOCITY EXPRESS LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC., knew that Plaintiffs, PHILIP JONES and KIM KEO, and the class they represent, were not being properly paid overtime wages, did not receive minimum wage, were not reimbursed for business expenses, were not paid if terminated or resigned, and were

- 3 -

COMPLAINT

1   not provided with itemized wage statements.

2       7.  Plaintiffs PHILIP JONES and KIM KEO, and the class they represent are informed and

3   believe and thereupon allege that at all times mentioned herein, Defendants, VELOCITY EXPRESS

4   LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC.,

5   VELOCITY EXPRESS, INC., and DOES 1 through 100, were and are, corporations duly organized

6   under laws of the State of Delaware and are duly qualified under the laws of the State of California

7   to conduct business within the State of California and does routinely conduct business in the County

8   of Alameda.

9       8.  Defendants VELOCITY EXPRESS LEASING, INC. also known as VELOCITY

10  EXPRESS LEASING WEST COAST, INC., and VELOCITY EXPRESS, INC., own and operated

11  an industry, business and establishment in numerous separate geographic locations within the State

12  of California, including but not limited to Alameda County for the purpose of providing courier

13  services.  Thus, Defendant is subject to California Labor Code §§ 1194, 1197, 2802, 226(b), 1226.7,

14  1512, 1211, 500 et seq., California Business and Professions Code §§ 17200 et seq. and the

15  applicable Industrial Welfare Commission Order 9 (Title 8, California Code of Regulations §§

16  11000, 11090).

17      9.  Plaintiffs PHILIP JONES and KIM KEO, and the class they represent, are ignorant of the

18  true names or capacity of the Defendants sued herein under the fictitious names DOE 1 through 100,

19  inclusive; and they are therefore sued pursuant to Code of Civil Procedure § 474.  When their true

20  names and capacity are ascertained, PHILIP JONES and KIM KEO will amend this complaint by

21  inserting their true names and capacity herein.  PHILIP JONES and KIM KEO are informed and

22  believe, and based thereon alleges, that Defendants DOE 1 through 100, inclusive, hereinafter

23  collectively referred to as "DOES," acted wrongfully, maliciously, intentionally and negligently; that

24  each is responsible in some manner for the events and happenings complained of herein; and that

25  injuries of PHILIP JONES and KIM KEO and the class they represent, as alleged herein, were

26  proximately caused by Defendants DOES, either through said Defendants' own conduct or through

27  the conduct of their agents and/or employees.

28

- 4 -

COMPLAINT

1    10.  PHILIP JONES and KIM KEO are informed and believe, and based thereon allege, that

2    at all relevant times, each of the Defendants, whether named or fictitiously named as DOE

3    (hereinafter collectively referred to as "DEFENDANTS"), was the merging entity, merged entity,

4    subsidiary, acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS

5    and, in doing the things hereinafter alleged, was acting within the course and scope of such agency

6    and/or employment with the knowledge, advice, permission and consent of each other.

7    11.  Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

8    failure to receive the legal overtime rate of pay.

9    12.  Plaintiffs PHILIP JONES and KIM KEO, and the class they represent, are authorized to

10    bring this action pursuant to California Labor Code § 1194.

11    13.  At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

12    State of California, and to the existing and applicable Industrial Welfare Commission Order 9 (Title

13    8, California Code of Regulations § 11090).

14    14.  Plaintiffs PHILIP JONES and KIM KEO, and the class they represent, are seeking

15    damages for the Labor Code violations for the past three years prior to the filing of this complaint

16    pursuant to Ca. Code. of Civ. Pro. §338(a).

17    15.  As for the fourth year prior to the filing of this complaint, Plaintiffs, PHILIP JONES and

18    KIM KEO and the class they represent would be entitled to restitution and/or back pay pursuant to

19    Business and Professions Code § 17200 and *Cortez vs. Purolator Air Filtration Products Co.* (2000)

20    23 Cal. 4th 163, 178.

21    16.  Plaintiffs PHILIP JONES and KIM KEO and the class they represent have incurred, and

22    during the pendency of this action will continue to incur, expenses for attorney's fees and costs

23    herein.  Plaintiffs, PHILIP JONES and KIM KEO, and the class they represent request that the court

24    award attorney's fees and costs in an amount according to proof pursuant to Labor Code §1194.

25    17.  Plaintiffs PHILIP JONES and KIM KEO, and the class they represent seek interest

26    pursuant to Labor Code § 218.6.  That code states that in any action brought for the nonpayment of

27    wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in

28

-5-

COMPLAINT

1   subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall

2   accrue from the date that the wages were due and payable[.]" PHILIP JONES and KIM KEO and

3   the class they represent are entitled to said interest.

4

5                              **CLASS ALLEGATIONS**

6        18.  PHILIP JONES and KIM KEO are members of the class they represent, which include

7   the following subclasses:

8            Sub-Class No. 1:  All California-based couriers or other similar titles who claim they

9            were not paid overtime compensation from VELOCITY EXPRESS LEASING, INC.

10           also known as VELOCITY EXPRESS LEASING WEST COAST, INC. and/or

11           VELOCITY EXPRESS, INC. within the last four (4) years from the filing of this

12           complaint, up to and including the time of Trial;

13

14           Sub-Class No. 2:  All California-based couriers or other similar titles who claim they

15           were not paid minimum wage compensation from VELOCITY EXPRESS

16           LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST,

17           INC. and/or VELOCITY EXPRESS, INC. within the last four (4) years from the

18           filing of this complaint, up to and including the time of Trial;

19

20           Sub-Class No. 3:  All California-based couriers or other similar titles who claim they

21           were not fully reimbursed for business expenses from VELOCITY EXPRESS

22           LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST,

23           INC. and/or VELOCITY EXPRESS, INC. within the last four (4) years from the

24           filing of this complaint, up to and including the time of trial;

25

26           Sub-Class No. 4:  All California-based couriers or other similar titles who claim they

27           were not timely paid wages due upon separation from VELOCITY EXPRESS

28

                                    - 6 -

                                  COMPLAINT

1     LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST,

2     INC. and/or VELOCITY EXPRESS, INC. within the last four (4) years from the

3     filing of this complaint, up to and including the time of trial; and

4

5     <u>Sub-Class No. 5</u>: All California-based couriers or other similar titles who claim they

6     were not provided itemized employee wage statements from VELOCITY EXPRESS

7     LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST,

8     INC. and/or VELOCITY EXPRESS, INC. within the last four (4) years from the

9     filing of this complaint, up to and including the time of trial;

10

11     19. Plaintiffs reserve the right under Rule 3.675(b) California Rules of Court to amend or

12 modify the class description with greater specificity or further division into the subclasses or

13 limitation to particular issues.

14     20. There is a well-defined community of interest in the questions of law and fact affecting

15 the Plaintiffs' class in that:

16           a) each of the Plaintiffs has been employed by Defendants within the State of

17             California;

18           b) KIM KEO and the class he represents were not paid overtime compensation;

19           c) each of the Plaintiffs were not paid minimum wage compensation;

20           d) each of the Plaintiffs were not fully reimbursed for business expenses;

21           e) each of the Plaintiffs were not timely paid wages due upon separation;

22           f) each of the Plaintiffs were not provided itemized employee wage statements.

23     21. In addition to the concerted and joint activities alleged herein, Plaintiffs are informed

24 and believe, and based thereon allege, that each of the DEFENDANTS engage in the same practices

25 and have adopted the same policies with regard to their wrongful acts against Plaintiffs as alleged

26 herein.

27     22. Common questions of law and fact predominate over any questions of law or fact that

28

- 7 -

COMPLAINT

1   may affect only individual class members. The law applicable to each of the Plaintiffs and to each
2   of the DEFENDANTS is the same.

3       23. During the entire time Plaintiffs PHILIP JONES and KIM KEO were employed by
4   DEFENDANTS they were treated in the same manner that DEFENDANTS treated all other
5   Plaintiffs; and the claims of Plaintiffs PHILIP JONES and KIM KEO, are typical of those of all
6   other Plaintiffs in the class.

7       24. Plaintiffs PHILIP JONES and KIM KEO are competent and capable of fairly and
8   adequately representing the interests of the class and have retained competent legal counsel
9   experienced in large wage and hour employment cases.

10      25. Maintaining this lawsuit as a class action is a fair and efficient method for adjudication
11  of the controversies involved and will benefit the parties and the court for the following reasons:

12      a)  the bringing of separate actions involving these common issues of fact and law would
13           prove more costly and inefficient than bringing this as a single action;

14      b)  separate actions will create the risk of disparate and conflicting results;

15      c)  the individual Plaintiffs in the class are so numerous that joinder of all such persons
16           is impracticable, making the disposition of their claims in a single class action,
17           instead of numerous individual actions, of benefit to the parties;

18      d)  the individual amounts involved are small in relation to the difficulty of the litigation
19           required, so that individual actions or other individual remedies are impracticable;

20      e)  the costs of litigating individual actions would be much higher than the costs of
21           litigating this class action and would unreasonably consume the amounts that would
22           be recovered;

23      f)  the burden imposed on the judicial system by numerous individual actions would far
24           outweigh any burden imposed on the system by this class action;

25      g)  DEFENDANTS will benefit in that they will not be compelled to respond to multiple
26           duplicative complaints, motions, interrogatories, demands to produce, depositions,
27           etc.;

28

- 8 -

COMPLAINT

h) the courts of Alameda will be burdened with multiple individual actions and multiple duplication of effort in resolving similar and identical issues of fact and law; and,

i) the prosecution of individual remedies by members of the plaintiff class would tend to establish inconsistent standards of conduct for the DEFENDANTS and to result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

26. Plaintiffs PHILIP JONES and KIM KEO have incurred, and during the pendency of this action will continue to incur, expenses for attorney's fees and costs herein. Such attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the class.

## FIRST CAUSE OF ACTION

## RECOVERY OF UNPAID WAGES AND PENALTIES

### Brought by Plaintiffs against all Defendants

### (LABOR CODE §§ 201, 204, 206, 510, 558, 1194, 1198; IWC ORDER 9 § 3(A) (Title 8 Cal. Code of Reg. § 11090));

27. Plaintiffs refer to and incorporate herein by reference thereto all paragraphs of this complaint as though fully set forth herein.

28. Plaintiffs were non-exempt employees entitled to the protections of Industrial Welfare Commission Order 9 (Title 8 of the California Code of Regulations § 11090) and California Labor Code §§ 200, 500, 510, 558, 1194, and 1198.

29. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State of California, and to the existing and applicable Industrial Welfare Commission 9 (Title 8, California Code of Regulation § 11090).

30. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for failure to receive the legal overtime rate of pay.

31. Title 8 of California Code of Regulations § 11090(3)(a) requires DEFENDANTS to pay

- 9 -

COMPLAINT

1  to each non-exempt employee who works more than 40 hours in a workweek, overtime

2  compensation of one and one-half times such employee's regular rate of pay for all hours worked in

3  excess of 40 hours.

4       32.  Labor Code § 510 requires DEFENDANTS to pay its non-exempt employees at the rate

5  of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight

6  hours in one workday; any work in excess of 40 hours in any one workweek; and the first eight

7  hours worked on the seventh day of work in any one workweek. Any work in excess of 12 hours in

8  one day and any work in excess of eight hours on any seventh day of a workweek shall be

9  compensated at the rate of no less than twice the regular rate of pay of any employee.

10      33.  At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

11  1198 which states that "the maximum hours of work and the standard conditions of labor fixed by

12  the commission shall be the maximum hours of work and the standard conditions of labor for

13  employees. The employment of any employee for longer hours than those fixed by the order or

14  under conditions of labor prohibited by the order is unlawful."

15      34.  Plaintiffs and all members of the classes identified herein were and are employed and

16  scheduled as a matter of established company policy to work and in fact worked as couriers for

17  DEFENDANT, in excess of eight (8) hours per day and in excess of forty (40) hours per work week

18  without receiving straight time or overtime compensation for such excess hours worked in violation

19  of California Labor Code §§ 1194, 1197, and 1199 and the relevant California Industrial Welfare

20  Commission orders.

21      35.  Plaintiffs are informed and believe and thereon allege that the class was paid on a

22  percentage basis with no overtime compensation paid for work accomplished in excess of forty (40)

23  hours per week, or eight (8) hours per day.

24      36.  Plaintiffs are further informed and believe based thereon allege that DEFENDANTS,

25  and each of them, consistently administered a corporate policy regarding both staffing levels and

26  duties and responsibilities of the members of the classes which required that members of the classes

27  to work overtime without pay.

28

- 10 -

COMPLAINT

37. The obligations and responsibilities of the "Courier" positions are virtually identical from region to region, district to district, facility to facility, and employee to employee. Further, any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action as the central facts remain that Plaintiffs PHILIP JONES and KIM KEO and each and every member of the classes mentioned herein, performed work in excess of forty (40) hours per week and/or eight (8) hours per day and they were not, and have never been, paid overtime compensation for their work.

38. As a pattern and practice, in violation of the aforementioned labor laws and wage orders of the State of California, DEFENDANTS, and each of them, did not maintain any accurate records pertaining to when couriers began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

39. Plaintiffs and members of the classes identified herein are current and former employees of DEFENDANTS. Further, Plaintiffs are informed and believe and based thereon allege that DEFENDANTS, and each of them had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment. Nowtwithstanding, the DEFENDANTS, and each of them, in violation of California Labor Code § 1194, 1197, 1199, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, vacation time, and other wages earned and remaining unreimbursed according to amendment or proof.

40. The pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the class they represent, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and cost of suit according to the mandate of California Labor Code § 1194 et seq. and Labor Code §§ 500 and 558.

41. The Plaintiff class is entitled to an award of attorney fees under California Code of Civil

COMPLAINT

1  Procedure § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause

2  of action will be an enforcement of an important right affecting the public interest, because such an

3  award will result in significant benefit to the general public or a large class of persons whether there

4  is a pecuniary or non-pecuniary recovery and because there was a substantial burden of private

5  enforcement and such fees in the interest of justice should not be paid out of the recovery.  Attorney

6  fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has

7  met the criteria stated in California Code of Civil Procedure § 1021.5 for awarding such fees.

8      42.  In the alternative, pursuant to Labor Code § 218.6, in any action brought for the

9  nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of

10  interest specified in subdivision (b) of § 3289 of the Civil Code [currently 10 percent per annum],

11  which shall accrue from the date that the wages were due and payable.  Plaintiffs are entitled to said

12  interest.

13

14  **SECOND CAUSE OF ACTION**

15  **Failure to pay Minimum Wages**

16  **Brought by PLAINTIFFS against all DEFENDANTS**

17  **(Labor Code §§ 200, 218.6, 1194, 1194.2, 1198; IWC ORDER 9 § 3(A) (Title 8 Cal. Code of**

18  **Reg. § 11090))**

19      43.  Plaintiffs refer to and incorporate herein by reference thereto all of the paragraphs of this

20  complaint.

21      44.  At all times herein mentioned, Plaintiffs were employed by DEFENDANTS as couriers.

22  Plaintiffs' positions, therefore, do not fall within the professional, administrative, or executive

23  exemptions.

24      45.  Plaintiffs were non-exempt employees entitled to the protections of IWC Order 9-2001

25  (Title 8 of the California Code of Regulations § 11090), and California Labor Code § 200, 500,

26  1194, 1197, and 1198.

27      46.  At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

28

- 12 -

COMPLAINT

1  State of California, and to the existing and applicable IWC Order 9-2001 (Title 8, California Code
2  of Regulations §§ 11000, 11090). IWC 9 (4) requires DEFENDANTS to pay each non-exempt
3  employee wages of not less than six dollars and seventy-five cents per hour for all hours worked,
4  effective January 1, 2002, and not less than seven dollars and fifty cents per hour for all hours
5  worked, effective January 1, 2007.

6      47. Labor Code § 1197 states that "the minimum wage for employees fixed by the
7  commission is the minimum wage to be paid to employees, and the payment of a less wage than the
8  minimum so fixed is unlawful."

9      48. Labor Code § 1198 states that "the maximum hours of work and the standard conditions
10 of labor fixed by the commission shall be the maximum hours of work and the standard conditions
11 of labor for employees. The employment of any employee for longer hours than those fixed by the
12 order or under conditions of labor prohibited by the order is unlawful."

13     49. Labor Code § 1194(a) permits an aggrieved employee to bring a private right of action
14 for failure to receive the legal minimum wage.

15     50. For the past four (4) years prior to the filing of this complaint and to the present,
16 DEFENDANT has improperly calculated Plaintiffs' earnings by a percentage formula which
17 resulted in Plaintiffs earning less than minimum wage in the State of California. The formula used
18 by DEFENDANT was based on a percentage of the Courier's bookings.

19     51. Pursuant to Labor Code § 1194.2, in any action brought forth under Labor Code § 1194
20 by an employee to recover compensation for minimum wage violations, the employee is also entitled
21 to recover liquidated damages in the amount of the unpaid compensation plus interest thereon.
22 Plaintiffs are entitled to recover said liquidated damages plus interest thereon.

23     52. Plaintiffs are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor
24 Code § 1194(a), for bringing this action.

25     53. The Plaintiff class is entitled to an award of attorney fees under Code of Civil Procedure
26 § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause of action
27 will be an enforcement of an important right affecting the public interest, because such an award
28

- 13 -

COMPLAINT

1    will result in significant benefit to the general public or a large class of persons whether there is a

2    pecuniary or non-pecuniary recovery and because there was a substantial burden of private

3    enforcement and such fees in the interest of justice should not be paid out of the recovery. Attorney

4    fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has

5    met the criteria stated in Code of Civil Procedure § 1021.5 for awarding such fees.

6        54. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

7    court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

8    (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the

9    date that the wages were due and payable. Plaintiffs are entitled to said interest.

10

11                       **THIRD CAUSE OF ACTION**

12       **FAILURE TO REIMBURSE PLAINTIFFS FOR BUSINESS EXPENSES**

13            **Brought by PLAINTIFFS against all DEFENDANTS**

14    **( Labor Code §§ 2802, 2804; _Estrada v. Fedex Ground Package Svg. Inc._, Cal. Ct. App., No.**

15    **B189031, 8/13/07; _Air Couriers Intern. v. Employment Development Dept._, Cal.App.4th 923,**

16      **59 Cal.Rptr.3d 37; _JKH Enterprises, Inc. v. Department of Industrial Relations_, 142**

17                  **Cal.App.4th 1046, 48 Cal.Rptr.3d 563)**

18        55. Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

19    set forth herein.

20        56. Within 4 years last past, Plaintiffs were, and are as matter of established company

21    policy, required to use their personal vehicles as a condition of and a discharge of their employment

22    duties. Plaintiffs PHILIP JONES and KIM KEO and the class they represent, pursuant to

23    Defendants' policy, were not reimbursed for insurance, mileage, uniforms, maintenance and repair

24    expenses, cleaning, personal property or sales taxes and fuel, oil and tire expenses, and any and all

25    equipment as required by DEFENDANTS to communicate with DEFENDANTS and/or its

26    customers and to handle and track shipments according to DEFENDANTS' and its customers

27    package tracking requirements.

28

- 14 -

---

COMPLAINT

57. At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

58. At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

59. As a proximate result of DEFENDANTS' policy which is in violation of labor Code Sections 2802 and 2804, Plaintiffs have been damaged in a sum which will be shown according to proof to be in excess of the jurisdictional minimum of this court.

60. Plaintiffs are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

61. The Plaintiff class is entitled to an award of attorney fees under California Code of Civil Procedure § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause of action will be an enforcement of an important right affecting the public interest, because such an award will result in significant benefit to the general public or a large class of persons whether there is a pecuniary or non-pecuniary recovery and because there was a substantial burden of private enforcement and such fees in the interest of justice should not be paid out of the recovery. Attorney fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has met the criteria stated in California Code of Civil Procedure § 1021.5 for awarding such fees.

62. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure. Plaintiffs are entitled to said interest.

- 15 -

COMPLAINT

1
2
3
4
5

**FOURTH CAUSE OF ACTION**

**LABOR CODE § 203 FOR FAILURE TO PAY ALL EARNED WAGES UPON**

**DISCHARGE**

**Brought by PLAINTIFFS against all DEFENDANTS**

**(Labor Code §§ 201, 202 and 203)**

6    63.  Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

7    set forth herein.

8    64.  At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

9    State of California, and to the existing and applicable IWC Order 9-2001 (Title 8, California Code

10   of Regulations §§ 11000, 11090).

11   65.  Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee

12   after said employee is discharged or quits.

13   66.  Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

14   employee who is discharged or quits.  This penalty consists of an amount equal to the sum of the

15   employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount

16   not to exceed thirty (30) days.

17   67.  Courts have held that the term willful means "[t]he employer 'intentionally failed or

18   refused to perform an act which was required to be done.'… It does not mean that the employer's

19   refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workers for

20   wages which the employer knows to be due." *Road Sprinkler Fitters Local Union No. 669 vs. G &*

21   *G Fire Sprinklers, Inc.* (2002) 102 Cal. App. 4th 765, 781.

22   68.  DEFENDANTS continue to fail to pay all class members, who separated from

23   DEFENDANTS during the four (4) years last past, for the overtime wages, minimum wages, and

24   reimbursements for business expenses as alleged herein.

25   69.  DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS

26   refused to pay said amounts knowing that Plaintiffs had worked overtime. As a consequence,

27   Plaintiffs are entitled to penalties under Labor Code § 203, which provides that an employee's

28

- 16 -

COMPLAINT

1   wages shall continue as a penalty until paid for a period of up to 30 days from the time they were

2   due, whichever period is shorter.

3       70.  DEFENDANTS failed to pay Plaintiffs the alleged amounts of unpaid wages and have

4   continued to fail to pay those sums for over 30 days. Pursuant to the provisions of Labor Code §

5   203, Plaintiffs are entitled to a waiting time penalty, which is plaintiff's daily rate, as of the date of

6   separation, multiplied by 30 days. These penalties are owed and unpaid.

7       71.  DEFENDANTS failed to pay all class members the alleged amounts of unpaid wages on

8   the date of their separation and have continued to fail to pay those sums.  Pursuant to the provisions

9   of Labor Code § 203.  These penalties are owed and unpaid.

10      72.  The penalties set forth in Labor Code § 203 may be pursued through this action.

11      73.  The Plaintiff class is entitled to an award of attorney fees under California Code of Civil

12  Procedure § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause

13  of action will be an enforcement of an important right affecting the public interest, because such an

14  award will result in significant benefit to the general public or a large class of persons whether there

15  is a pecuniary or non-pecuniary recovery and because there was a substantial burden of private

16  enforcement and such fees in the interest of justice should not be paid out of the recovery.  Attorney

17  fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has

18  met the criteria stated in California Code of Civil Procedure § 1021.5 for awarding such fees.

19      74.  Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

20  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

21  (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

22  date that the wages were due and payable[.]"  Plaintiffs are entitled to said interest.

23      75.  Plaintiffs are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor

24  Code §1194(a) for bringing this action.

25

26

27

28

- 17 -

COMPLAINT

1      **FIFTH CAUSE OF ACTION**

2    **LABOR CODE § 226 FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

3      **Brought by PLAINTIFFS against all DEFENDANTS**

4     **(Labor Code §§ 226, 226.3, 1174, 1174.5; IWC Order 9 § 7 (Title 8 Cal. Code of**

5         **Reg. § 11090))**

6    76. Plaintiffs refer to and incorporate all of the paragraphs as though fully set forth herein.

7    77. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to

8   furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,

9   total hours worked by the employee, except for any employee whose compensation is solely based

10   on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or

11   any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period

12   for which the employee is paid, and all applicable hourly rates in effect during the pay period and

13   the corresponding number of hours worked at each hourly rate by the employee. The

14   DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be

15   kept on file for at least three years at the place of employment or at a central location within the

16   State of California.

17    78. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing

18   and intentional failure by an employer to comply with subdivision (a) is entitled to recover the

19   greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

20   occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,

21   not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

22   costs and reasonable attorney's fees."

23    79. When construing "willful" in the context of wage and hour labor code violations, Courts

24   have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an

25   act which was required to be done.'... It does not mean that the employer's refusal to pay wages

26   must necessarily be based on a deliberate evil purpose to defraud workers for wages which the

27   employer knows to be due." *Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinklers,*

28

- 18 -

**COMPLAINT**

1    *Inc.* (2002) 102 Cal. App. 4th 765, 781.

2        80.  Labor Code § 1174 requires every person employing labor in the State of California to

3    keep payroll records showing the hours worked daily by and the wage paid to each employee.

4        81.  Industrial Welfare Commission Order 9 § 9 (Title 8, California Code of Regulation §

5    11090), in addition to language similar to Labor Code § 226, expressly mandates that the employer

6    keep "Time records showing when the employee begins and ends each work period. Meal periods,

7    split shift intervals and total daily hours worked shall also be recorded."

8        82.  For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

9    comply with Labor Code §§ 226, 1174, and IWC Order 9 § 7, by failing to maintain accurate records

10   which employers are required to maintain, including, but not limited to, records of meal periods,

11   hours work, rest periods, and all applicable hourly rates in effect during the pay period and the

12   corresponding number of hours worked at each hourly rate by the employee.

13       83.  As a result of DEFENDANTS' failure to keep the accurate required records,

14   DEFENDANTS are subject to the penalties set forth in Labor Code § 226(e)

15       84.  The Plaintiff class is entitled to an award of attorney fees under California Code of Civil

16   Procedure § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause

17   of action will be an enforcement of an important right affecting the public interest, because such an

18   award will result in significant benefit to the general public or a large class of persons whether there

19   is a pecuniary or non-pecuniary recovery and because there was a substantial burden of private

20   enforcement and such fees in the interest of justice should not be paid out of the recovery.  Attorney

21   fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has

22   met the criteria stated in California Code of Civil Procedure § 1021.5 for awarding such fees.

23       85.  Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

24   Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

25   (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

26   date that the wages were due and payable[.]"  Plaintiffs are entitled to said interest.

27       86.  Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to Labor Code

28

COMPLAINT

1  § 226.

2

3  <u>**SIXTH CAUSE OF ACTION**</u>

4  <u>**UNFAIR BUSINESS PRACTICES**</u>

5  **Brought by PLAINTIFFS against All DEFENDANTS**

6  **(Bus. and Prof. Code §§ 17200 et seq.)**

7  87.  Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

8  set forth herein.

9  88.  Plaintiffs are suing DEFENDANTS pursuant to Business and Professions Code §§

10  17200, et seq.

11  89.  By violating the statutes and regulations as alleged herein, DEFENDANTS' acts

12  constitute unlawful and unfair business practices under California Business and Professions Code §§

13  17200 et seq.  Since four (4) years last past, DEFENDANTS violated and continue to violate the

14  law, as expressed in Labor Code §§ 200, 221, 226, 500, 510, 512, 1174, 1194, 1197, 1198; IWC 9

15  §§ 2, 3, 4, 7 (Title 8 Cal. Code of Reg. § 11090); and, Business & Professions Code §§ 17200 et

16  seq., by failing to properly pay wages, properly pay overtime wages, failing to keep proper records,

17  and other violations alleged herein.

18  90.  DEFENDANTS' violations of the statutes and regulations as alleged herein are business

19  practices done repeatedly over a significant period of time, in California, and in a systematic manner

20  to the detriment of Plaintiffs.

21  91.  The harm to Plaintiffs outweighs any utility of DEFENDANTS' policies and practices,

22  as alleged herein, and consequently constitute unfair business acts or practices within the meaning of

23  Business and Professions Code §§ 17200 et seq.

24  92.  As a direct and proximate result of the aforementioned acts by DEFENDANTS,

25  DEFENDANTS wrongfully retained and continue to retain funds earned by Plaintiffs, according to

26  proof at the time of trial.

27  93.  The unfair and unlawful business acts and practices described herein present a

28

- 20 -

COMPLAINT

1   continuing threat to Plaintiffs and the California general public. Plaintiffs are informed and believe

2   and on such basis allege that DEFENDANTS have engaged in such practices over a number of years

3   and have failed to indicate, in any way, that they plan to cease such activities any time in the future.

4       94. Within the (4) years preceding the filing of this action, Plaintiffs have suffered damages

5   and request back pay and/or restitution of all monies and profits to be disgorged from

6   DEFENDANTS in an amount according to proof at time of trial, but in excess of the Court's

7   jurisdiction requirement, generally, including all awardable amounts, is over $25,000.

8       95. Pursuant to Business and Professions Code §§ 17200 et seq., and pursuant to the

9   equitable powers of this court, DEFENDANTS should be preliminarily and permanently enjoined

10   from their unfair and unlawful business acts and practices.

11      96. Pursuant to Business and Professions Code §§ 17200 et seq., and pursuant to the

12   equitable powers of this court, DEFENDANTS should be ordered to disgorge and to restore to

13   Plaintiffs all funds DEFENDANTS retained by means of the unfair and unlawful business acts and

14   practices alleged herein.

15      97. Plaintiffs also seek interest pursuant to Business & Professions Code § 17203; *Ballard*

16   *vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

17   *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Cal. Code of Civ.

18   Pro. § 1032.

19      98. The Plaintiff class is entitled to an award of attorney fees under California Code of Civil

20   Procedure § 1021.5 because an award of damages, restoration and/or injunctive relief for this cause

21   of action will be an enforcement of an important right affecting the public interest, because such an

22   award will result in significant benefit to the general public or a large class of persons whether there

23   is a pecuniary or non-pecuniary recovery and because there was a substantial burden of private

24   enforcement and such fees in the interest of justice should not be paid out of the recovery. Attorney

25   fees should be awarded to the Plaintiff class because this is a class action and the Plaintiff class has

26   met the criteria stated in California Code of Civil Procedure § 1021.5 for awarding such fees.

27      99. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

28

- 21 -

COMPLAINT

1    Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

2    (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

3    date that the wages were due and payable[.]"  Plaintiffs are entitled to said interest.

4        100.  In addition, Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to

5    Labor Code §§ 1194.

6

7                            ## PRAYER FOR RELIEF

8        WHEREFORE, Plaintiffs pray for judgment against DEFENDANTS, and each of them,

9    jointly and severally, as follows:

10

11                            ## FIRST CAUSE OF ACTION

12       1.    For all unpaid wages due and owing to Plaintiffs (PHILIP JONES and KIM KEO and

13             to the class they represent), plus interest thereon at the maximum legal rate accruing

14             from the date said amounts became due to the date paid;

15       2.    That DEFENDANTS be ordered to pay Plaintiff (KIM KEO and the class he

16             represents) all unpaid overtime compensation pursuant to Labor Code §§ 1194 and

17             510 as alleged herein according to proof;

18       3.    For reasonable attorney's fees as provided by California Code of Civil Procedure

19             §1021.5;

20       4.    For interest pursuant to Labor Code § 218.6; and

21       5.    For reasonable attorney's fees, costs, and interest as provided by Labor Code § 1194.

22

23                            ## SECOND CAUSE OF ACTION

24       5.    That DEFENDANTS be ordered to pay Plaintiffs (PHILIP JONES and KIM KEO

25             and to the class they represent) all unpaid minimum wage compensation as alleged

26             herein according to proof;

27       6.    For liquidated damages pursuant to Labor Code §1194.2(a) in an amount equal to the

28

                                - 22 -

                                COMPLAINT

1   minimum wages unpaid and interest on that amount;

2   7.    For reasonable attorney's fees as provided by California Code of Civil Procedure

3         §1021.5

4   8.    For interest pursuant to Labor Code § 218.6;

5   9.    For reasonable attorney's fees, costs, and interest as provided by Labor Code

6         §1194(a).

7

8                          **THIRD CAUSE OF ACTION**

9   10.   For interest pursuant to Labor Code § 218.6; and

10  11.   For all expenses incurred such as insurance, mileage, uniforms, maintenance and

11        repair expenses, cleaning, personal property or sales taxes and fuel, oil and tire

12        expenses, and any and all equipment as required by DEFENDANTS to communicate

13        with DEFENDANTS and/or its customers and to handle and track shipments

14        according to DEFENDANTS' and its customers package tracking requirements;

15  12.   For reasonable attorney's fees and cost as provided by Labor Code § 2802 and as

16        provided by California Code of Civil Procedure §1021.5;

17  13.   For interest on all sums according to proof;

18  14.   For all such other and further relief the court deems proper.

19

20                         **FOURTH CAUSE OF ACTION**

21  15.   For statutory waiting time penalty under Labor Code § 203, according to proof for

22        Plaintiffs (PHILIP JONES and KIM KEO and to the class they represent), plus

23        interest thereon at the maximum legal rate accruing from the 31st day following the

24        separation each such Plaintiffs' employment from DEFENDANTS;

25  16.   For reasonable attorney's fees as provided by California Code of Civil Procedure

26        §1021.5;

27  17.   For interest pursuant to Labor Code § 218.6; and

28

                                 – 23 –

                              COMPLAINT

18. For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

## FIFTH CAUSE OF ACTION

19. For penalties pursuant to Labor Code § 226(e)

20. For reasonable attorney's fees as provided by California Code of Civil Procedure §1021.5;

21. For reasonable attorney's fees and costs as provided by Labor Code § 226(e); and,

22. For interest pursuant to Labor Code § 218.6.

## SIXTH CAUSE OF ACTION

23. That DEFENDANTS be enjoined from continuing the practices that violate the California Business and Professions Code §§ 17200, et seq.;

24. That DEFENDANTS be ordered to restore to Plaintiffs all funds retained by DEFENDANTS due to DEFENDANTS' wrongful acts and practices as alleged herein; For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

///
///
///

- 24 -

COMPLAINT

25.  For reasonable attorney's fees as provided by California Code of Civil Procedure §1021.5; and,

26.  For court costs and other relief awardable by the court.

DATED: October **23**, 2007                LAW OFFICES OF STEPHEN GLICK

LAW OFFICES OF IAN HERZOG

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP

By: _____
    Stephen Glick
    Scott A. Brooks
    Attorneys for Plaintiffs
    PHILIP JONES and KIM KEO individually and
    on behalf of all others similarly situated, and
    the California general public.

- 25 -

COMPLAINT

*5644467*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STEPHEN GLICK<br>LAW OFFICES OF STEPHEN GLICK<br>1055 WILSHIRE BLVD., STE. 1480<br><br>LOS ANGELES, CA 90017<br>TELEPHONE NO.: (213) 387-3400   FAX NO.: (213) 387-7872<br>ATTORNEY FOR (Name): PHILLIP JONES and KIM KEO | **FILED**<br>ALAMEDA COUNTY<br><br>**NOV 0 6 2007**<br><br>CLERK OF THE SUPERIOR COURT<br>By _Cassy Watkins_<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

| CASE NAME: PHILIP JONES and KIM KEO et al. v. VELOCITY<br>EXPRESS LEASING, INC. et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** | CASE NUMBER: |
| [X] Unlimited    [ ] Limited | Complex Case Designation | RG07354933 |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG07354933 |
|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 6

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October    , 2007

STEPHEN GLICK                                                            ▶ _Stephen Glick (cas)_
(TYPE OR PRINT NAME)                                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>Legal<br>Solutions<br>Plus |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

E ADDENDUM TO CIVIL CASE COVER SHEET | *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Phillip Jones et al. v. Velocity Express Leasing et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | [ ] Hayward Hall of Justice (447) |
|---|---|
| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| | | | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI/PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI/PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs | [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res. Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                A-13

# EXHIBIT B

Law Office of Steven Glick
Attn: Glick, Steven
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA 90017

## Superior Court of California, County of Alameda
## René C. Davidson Alameda County Courthouse

| | |
|---|---|
| Jones | No. RG07354933 |
| Plaintiff/Petitioner(s) | |
| vs. | Order |
| | Complaint - Other Employment |
| Velocity Express Leasing, Inc. | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 12/19/2007 at 02:00 PM in Department 20 before the Honorable Robert Freedman. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.co.alameda.ca.us/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6936, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a

2008 JAN 28 AM 10:32

50/10.9    213 387 7872                    STEPHEN GLICK    JAN-28-2008 10:20

just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A.    A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

  (1)  unserved parties and the reasons for the failure to serve;

  (2)  unserved and/or unfiled cross-complaints;

  (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

  (4)  any possible jurisdictional or venue issues that may arise;

  (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

  (6)  unresolved law and motion matters;

  (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

  (8)  severance of issues for trial; and

  (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date; and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  12/19/2007

_____
Judge Robert Freedman

_____

Order

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jones VS Velocity Express Leasing, Inc. | RG07354933 |

**ADDITIONAL ADDRESSEES**

Daniels, Fine, Israel, Schonbuch &
Lebovits LLP
Attn: Brooks, Scott A.
1801 Century Park East
Ninth Floor
Los Angeles, CA   90067

Order

**PROOF OF SERVICE**
**1013(a)CCP**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On January ___, 2008, I served copies of the following documents:

**ORDER OF DECEMBER 19, 2007**

enclosed in a sealed envelope addressed as follows:

See Service List

_____    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee(s).

_X_    (BY FACSIMILE) I transmitted an accurate copy via facsimile machine to the following person and telephone number:

X    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this ___ day of January 2008, at Los Angeles, California.

Kharen Perez

<u>**Service List**</u>

1

2  Paul R. Fine
3  Scott A. Brooks
   Craig S. Momita
4  DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS
5  1801 Century Park East, Ninth Floor
   Los Angeles, CA 90067
6  Fax (310) 556-2807

7  Ian Herzog
8  LAW OFFICES OF IAN HERZOG
   233 Wilshire Blvd., Suite 550
9  Los Angeles, CA 90401
   Fax (310) 458-9065
10

11  Brady J. Mitchell
    LITTLER MENDELSON
12  2049 Century Park East
    5th Floor
13  Los Angeles, CA 90067
14  Facsimile (310) 553-5583

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  C



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

KUB / ALL
Transmittal Number: 5521479
Date Processed: 01/03/2008

| | |
|---|---|
| Primary Contact: | Jim Lindvall<br>Velocity Express Corporation<br>7803 Glenroy Road<br>Minneapolis, MN 55439 |

| | |
|---|---|
| Entity: | Velocity Express, Inc.<br>Entity ID Number  0493360 |
| Entity Served: | Velocity Express, Inc. |
| Title of Action: | Philip Jones vs. Velocity Express Leasing, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Alameda Superior Court, California |
| Case Number: | RG07354933 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 01/03/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Stephen Glick<br>213-387-3400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**CSC.**

CORPORATION SERVICE COMPANY'

# Notice of Service of Process

KUB / ALL
Transmittal Number: 5521525
Date Processed: 01/03/2008

| | |
|---|---|
| Primary Contact: | Jim Lindvall<br>Velocity Express Corporation<br>7803 Glenroy Road<br>Minneapolis, MN 55439 |

| | |
|---|---|
| Entity: | Velocity Express Leasing, Inc.<br>Entity ID Number 0664983 |
| Entity Served: | Velocity Express Leasing, Inc. also known as Velocity Express Leasing West Coast, Inc. |
| Title of Action: | Philip Jones vs. Velocity Express Leasing, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Alameda Superior Court, California |
| Case Number: | RG07354933 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 01/03/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Stephen Glick<br>213-387-3400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT  D

1   LAW OFFICES OF STEPHEN GLICK
    Stephen Glick, CSB# 59404
2   1055 Wilshire Boulevard, Suite 1480
    Los Angeles, California 90017
3   Telephone: (213) 387-3400
    Fax: (213) 387-7872
4

5   **DANIELS, FINE, ISRAEL, SCHONBUCH, & LEBOVITS LLP**
    Paul R. Fine, State Bar No. 53514
6   Scott A. Brooks, State Bar No. 160115
    Craig S. Momita, State Bar No. 163347
7   1801 Century Park East, Ninth Floor
    Los Angeles California 90067
8   Telephone: (310) 556-7900
    Facsimile: (310) 556-2807
9

    **LAW OFFICES OF IAN HERZOG**
10  Ian Herzog, State Bar No. 41396
    233 Wilshire Boulevard, Suite 550
11  Santa Monica, California 91401
    Telephone: (310) 458-6660
12  Facsimile: (310) 458-9065

13
    Attorneys for Plaintiffs PHILIP JONES and KIM KEO individually and on behalf of all others
14  similarly situated, and on behalf of the California general public

15

16          SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  FOR THE COUNTY OF ALAMEDA

18

19  PHILIP JONES, and KIM KEO, individually          Case No.:
    and on behalf of all others similarly situated,
20  and on behalf of the California general public,  CLASS ACTION

21                  Plaintiff,

22          vs.                                       NOTICE OF RULING

23  VELOCITY EXPRESS LEASING, INC. also
    known as VELOCITY EXPRESS LEASING
24  WEST COAST, INC., a Delaware
    Corporation; VELOCITY EXPRESS, INC., a
25  Delaware Corporation; and DOES 1 through
    100, Inclusive,
26
                    Defendants.
27

28

                                    -1-

                            **NOTICE OF RULING**

                                                        2008 JAN 28 AM 10:32

1    The above captioned matter was set for a Complex Case Management Conference on

2    January 24, 2008.  The Plaintiff appeared by Stephen Glick, the Defendant appeared by Andrew M.

3
     Spurchise.
4

5        The Defendant advised the court that Defendant intends to remove the case to Federal Court.

6        The court continued the Case Management Conference until February 28, 2008 11:00 a.m. in

7
     Department 20 and Counsel are to file a Complex Case Management Conference Statement 5 days
8
     prior to that hearing.
9

10       The court also ordered Plaintiff's counsel  to appear personally and show cause at that place,

11   date and time why sanctions should not be imposed for failure to file a Complex Case Management

12   Conference Statement.
13

14   DATED: January 25, 2008              LAW OFFICES OF STEPHEN GLICK

15

16                                    By:

17                                       Stephen Glick
                                         Attorney for Plaintiff
18                                       PHILIP JONES and KIM KEO individually
                                         and on behalf of all others similarly situated,
19                                       and the California general public.

20

21

22

23

24

25

26

27

28

                                    - 2 -

                          NOTICE OF RULING

1

**PROOF OF SERVICE**
**1013(a)CCP**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

       I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

5

6

       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

7

8

9

       On January 28, 2008, I served copies of the following documents:

10

**NOTICE OF RULING**

11

12

       enclosed in a sealed envelope addressed as follows:

13

       See Service List

14

_____        (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee(s).

15

16

__X__          (BY FACSIMILE) I transmitted an accurate copy via facsimile machine to the following person and telephone number.

17

18

__X___         (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

19

20

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

       Executed on this 28 day of January 2008, at Los Angeles, California.

22

23

24

                                              Kharen Perez

25

26

27

28

**Service List**

1

2
   Paul R. Fine

3
   Scott A. Brooks
   Craig S. Momita

4
   DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS
   1801 Century Park East, Ninth Floor

5
   Los Angeles, CA 90067

6
   Fax (310) 556-2807

7
   Ian Herzog

8
   LAW OFFICES OF IAN HERZOG
   233 Wilshire Blvd., Suite 550

9
   Los Angeles, CA 90401
   Fax (310) 458-9065

10

11
   Brady J. Mitchell
   LITTLER MENDELSON

12
   2049 Century Park East
   5th Floor

13
   Los Angeles, CA 90067

14
   Facsimile (310) 553-5583

15

16

17

18

19

20

21

22

23

24

25

26

27

28