ROBERT G. HULTENG, Bar No. 071293
DAMON M. OTT, Bar No. 215392
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile.: 415.399.8490
E-mail: rhulteng@littler.com

BRADY J. MITCHELL, Bar No. 238572
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Facsimile.: 310.553.5583
E-mail: bmitchell@littler.com

Attorneys for Defendants
VELOCITY EXPRESS LEASING, INC.;
AND VELOCITY EXPRESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JONES, and KIM KEO, individually and on behalf of others similarly situated, and on behalf of the California general public,<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY EXPRESS LEASING, INC., also known as VELOCITY EXPRESS LEASING WEST COAST, INC., a Delaware Corporation; VELOCITY EXPRESS, INC., a Delaware Corporation; and DOES I through 100, Inclusive,<br><br>Defendants. | Case No. C08-00773 (VRW)<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE VAUGHN R. WALKER<br><br>**DEFENDANT VELOCITY EXPRESS, INC.'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Action Filed: November 6, 2007<br>(Alameda County Superior Court Case No. RG 07354933) |

Firmwide:84245480.1 057214.1004

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

**TO PLAINTIFFS PHILIP JONES AND KIM KEO AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 8 (b)-(c) of the Federal Rules of Civil Procedure, Defendants Velocity Express Leasing Inc. (erroneously also sued as an entity "also known as Velocity Express Leasing West Coast, Inc.") and Velocity Express, Inc. (collectively "Defendants") hereby answer the Class Action Complaint ("Complaint") of Plaintiffs Philip Jones and Kim Keo, on their own behalf, on behalf of a class of similarly situated persons, and on behalf of the California general public (collectively "Plaintiffs") as follows:

## JURISDICTION

1. Answering Paragraph 1 of the Complaint, Defendants contend that the allegations in this Paragraph are jurisdictional and do not require a response. To the extent a response is required, Defendants admit the allegations contained in Paragraph 1.

## VENUE

2. Answering Paragraph 2 of the Complaint, Defendants contend that the allegations in this Paragraph are jurisdictional and do not require a response. To the extent a response is required, Defendants admit the allegations contained in Paragraph 2.

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

3. Answering Paragraph 3 of the Complaint, Defendants deny each of the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Defendants deny each of the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants deny each of the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants deny each of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004         2.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

7. Answering Paragraph 7 of the Complaint, Defendants deny that Velocity Express Leasing, Inc. is also known as Velocity Express Leasing West Coast, Inc. Defendants admit each of the remaining allegations in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Defendants are unable to respond to Plaintiffs' allegation that California Labor Code §§ 1226.7, 1512, and 1211 apply to them, as no such statutes exist. Defendants deny each of the remaining allegations contained in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendants deny each of the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendants deny each of the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants deny each of the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants deny each of the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant contends that the allegations are jurisdictional and do not require a response. To the extent a response is required, Defendants admit the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendants deny each of the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendants are without sufficient information or knowledge to respond to the allegations contained therein, and on that basis deny each of the allegations contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendants admit that California Labor Code section 218.6 allows a court to award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the

1  Civil Code, currently 10 percent per annum, which shall accrue from the date that the
2  wages are due and payable. Defendants deny that Plaintiffs are entitled to said
3  interest.

## CLASS ALLEGATIONS

18. Answering Paragraph 18 of the Complaint, Defendants deny each of the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendants are without sufficient information or knowledge to respond to the allegations contained therein, as California Rule of Court 3.675(b) does not exist, and on that basis Defendants deny each of the allegations contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendants deny each of the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Defendants deny each of the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Defendants deny each of the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Defendants deny each of the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Defendants deny each of the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Defendants deny each of the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Defendants are without sufficient information or knowledge to respond to the allegations that Philip Jones and Kim Keo have incurred and will continue to incur attorneys' fees, and on that basis Defendants deny these allegations. Defendants also deny each of the remaining allegations contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Defendants incorporate

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004               4.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

1  herein as though set forth in full their responses to Paragraphs 1 through 26 of the
2  Complaint.
3      28. Answering Paragraph 28 of the Complaint, Defendants deny each of the
4  allegations contained therein.
5      29. Answering Paragraph 29 of the Complaint, Defendants deny each of the
6  allegations contained therein.
7      30. Answering Paragraph 30 of the Complaint, Defendants admit the
8  allegations contained therein.
9      31. Answering Paragraph 31 of the Complaint, Defendants deny each of the
10  allegations contained therein.
11      32. Answering Paragraph 32 of the Complaint, Defendants deny each of the
12  allegations contained therein.
13      33. Answering Paragraph 33 of the Complaint, Defendants admit that
14  California Labor Code section 1198 states what is set forth in Paragraph 33.
15  Defendants deny that they were subject to California Labor Code section 1198.
16      34. Answering Paragraph 34 of the Complaint, Defendants deny each of the
17  allegations contained therein.
18      35. Answering Paragraph 35 of the Complaint, Defendants deny each of the
19  allegations contained therein.
20      36. Answering Paragraph 36 of the Complaint, Defendants deny each of the
21  allegations contained therein.
22      37. Answering Paragraph 37 of the Complaint, Defendants deny each of the
23  allegations contained therein.
24      38. Answering Paragraph 38 of the Complaint, Defendants deny each of the
25  allegations contained therein.
26      39. Answering Paragraph 39 of the Complaint, Defendants deny each of the
27  allegations contained therein.
28      40. Answering Paragraph 40 of the Complaint, Defendants deny each of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004         5.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Defendants deny each of the allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Defendants deny each of the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Defendants incorporate herein as though set forth in full their responses to Paragraphs 1 through 42 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Defendants deny each of the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Defendants deny each of the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendants deny each of the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendants admit the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, Defendants admit the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Defendants admit the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Defendants deny each of the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, Defendants deny each of the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, Defendants deny each of the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, Defendants deny each of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004         6.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

54. Answering Paragraph 54 of the Complaint, Defendants admit that California Labor Code section 218.6 allows a court to award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, currently 10 percent per annum, which shall accrue from the date that the wages are due and payable. Defendants deny that Plaintiffs are entitled to said interest.

55. Answering Paragraph 55 of the Complaint, Defendants incorporate herein as though set forth in full their responses to Paragraphs 1 through 54 of the Complaint.

56. Answering Paragraph 56 of the Complaint, Defendants deny each of the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Defendants admit that California Labor Code section 2802 states what is set forth in Paragraph 57. Defendants deny that they were subject to California Labor Code section 2802.

58. Answering Paragraph 58 of the Complaint, Defendants admit that California Labor Code section 2804 states what is set forth in Paragraph 58. Defendants deny that they were subject to California Labor Code section 2804.

59. Answering Paragraph 59 of the Complaint, Defendants deny each of the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, Defendants deny each of the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, Defendants deny each of the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, Defendants admit that California Labor Code section 2802(b) allows for necessary expenditures to carry interest at the same rate as judgments in civil actions, and that such interest shall accrue from the date on which the employee incurred the necessary expenditure. Defendants deny that Plaintiffs are entitled to said interest.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004        7.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

63. Answering Paragraph 63 of the Complaint, Defendants incorporate herein as though set forth in full their responses to Paragraphs 1 through 62 of the Complaint.

64. Answering Paragraph 64 of the Complaint, Defendants deny each of the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Defendants admit that California Labor Code section 201 requires an employer to pay all wages due to an employee after an employee is discharged. Defendants admit that California Labor Code section 202 requires an employer to pay all wages due to an employee who quits if the employee does not have a written contract. Defendants deny that California Labor Code section 202 requires an employer to pay all wages due to an employee who quits if the employee has a written contract.

66. Answering Paragraph 66 of the Complaint, Defendants admit that California Labor Code section 203 provides a penalty for the willful failure to pay an employee who is discharged or quits. Defendants deny each of the remaining allegations contained in Paragraph 66.

67. Answering Paragraph 67 of the Complaint, Defendants admit the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, Defendants deny each of the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Defendants deny each of the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, Defendants deny each of the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, Defendants deny each of the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, Defendants deny each of the allegations contained therein.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004            8.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

73. Answering Paragraph 73 of the Complaint, Defendants deny each of the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, Defendants admit that California Labor Code section 218.6 allows a court to award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, currently 10 percent per annum, which shall accrue from the date that the wages are due and payable. Defendants deny that Plaintiffs are entitled to said interest.

75. Answering Paragraph 75 of the Complaint, Defendants deny each of the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, Defendants incorporate herein as though set forth in full their responses to Paragraphs 1 through 75 of the Complaint.

77. Answering Paragraph 77 of the Complaint, Defendants deny each of the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, Defendants admit the allegations contained therein.

79. Answering Paragraph 79 of the Complaint, Defendants admit the allegations contained therein.

80. Answering Paragraph 80 of the Complaint, Defendants admit the allegations contained therein.

81. Answering Paragraph 81 of the Complaint, Defendants admit that Industrial Welfare Commission Order 9 provides what is stated in Paragraph 81. Defendants deny that Industrial Welfare Commission Order 9 contains language similar to California Labor Code section 226.

82. Answering Paragraph 82 of the Complaint, Defendants deny each of the allegations contained therein.

83. Answering Paragraph 83 of the Complaint, Defendants deny each of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004        9.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

allegations contained therein.

84. Answering Paragraph 84 of the Complaint, Defendants deny each of the allegations contained therein.

85. Answering Paragraph 85 of the Complaint, Defendants admit that California Labor Code section 218.6 allows a court to award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, currently 10 percent per annum, which shall accrue from the date that the wages are due and payable. Defendants deny that Plaintiffs are entitled to said interest.

86. Answering Paragraph 86 of the Complaint, Defendants admit the allegations contained therein.

87. Answering Paragraph 87 of the Complaint, Defendants incorporate herein as though set forth in full their responses to Paragraphs 1 through 86 of the Complaint.

88. Answering Paragraph 88 of the Complaint, Defendants admit the allegations contained therein.

89. Answering Paragraph 89 of the Complaint, Defendants deny each of the allegations contained therein.

90. Answering Paragraph 90 of the Complaint, Defendants deny each of the allegations contained therein.

91. Answering Paragraph 91 of the Complaint, Defendants deny each of the allegations contained therein.

92. Answering Paragraph 92 of the Complaint, Defendants deny each of the allegations contained therein.

93. Answering Paragraph 93 of the Complaint, Defendants deny each of the allegations contained therein.

94. Answering Paragraph 94 of the Complaint, Defendants deny each of the allegations contained therein.

95. Answering Paragraph 95 of the Complaint, Defendants deny each of the allegations contained therein.

96. Answering Paragraph 96 of the Complaint, Defendants deny each of the allegations contained therein.

97. Answering Paragraph 97 of the Complaint, Defendants admit the allegations contained therein.

98. Answering Paragraph 98 of the Complaint, Defendants deny each of the allegations contained therein.

99. Answering Paragraph 99 of the Complaint, Defendants admit that California Labor Code section 218.6 allows a court to award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, currently 10 percent per annum, which shall accrue from the date that the wages are due and payable. Defendants deny that Plaintiffs are entitled to said interest.

100. Answering Paragraph 100 of the Complaint, Defendants admit the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action set forth therein fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs have failed to and cannot satisfy the requirements for the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004      11.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

maintenance of a class action, including, and without limitation, ascertainability, predominance, typicality, adequacy (of both proposed class representative and proposed class counsel), and superiority, and further allege that public policy considerations do not favor such a certification.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate and affirmative defense to the Complaint, Defendants allege that the Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and affirmative defense to the Complaint, Defendants allege that the Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate and affirmative defense to the Complaint, Defendants allege that the Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and affirmative defense to the Complaint, Defendants allege that the Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs' claims for penalties, including waiting time penalties under Labor Code section 203, are barred because: (1) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to Labor Code sections 201, 202 and 203; (2) Defendants have not intentionally or willfully failed to pay such additional compensation; and (3) to impose penalties in this action would be inequitable and unjust.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004                    12.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs' claims fail because Plaintiffs have been fully compensated for any wages owed, and by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and affirmative defense to the Complaint, Defendants allege that all actions taken toward Plaintiff and/or putative class members were lawful and not in violation of public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs failed to properly exhaust all of their contractual, administrative and/or statutorily required remedies prior to filing suit, and that such failure bars this suit in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 338(a) and 340 and California Business and Professions Code section 17208.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate and affirmative defense to the Complaint, Defendants allege that, even assuming *arguendo* that Defendants violated a statute in the California Labor Code or California Business & Professions Code, or violated an Industrial Welfare Commission Order, any such violation was the result of an act or omission in good faith, and Defendants had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or contractual policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and affirmative defense to the Complaint, Defendants

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004          13.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

allege that, assuming Plaintiffs are entitled to additional compensation, Defendants have not willfully or intentionally failed to pay such compensation to Plaintiffs so as to justify any award of penalties or fees to Plaintiffs on that basis.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.  As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any, and that if it is determined that Plaintiffs have the right to any recovery against Defendants, such recovery should be reduced and/or eliminated by such failure.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.  As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action set forth therein fail because Plaintiffs Philip Jones and Kim Keo both lack standing as representatives of the proposed class and do not adequately represent the putative class members.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.  As a separate and affirmative defense to the Complaint, Defendants allege that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' Due Process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.  As a separate and affirmative defense, Defendants allege that the prosecution of a representative action on behalf of the general public under California Business & Professions Code § 17200 *et seq.* would constitute a denial of Defendants' Due Process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

19.  As a separate and affirmative defense to the Complaint, Defendants allege that each cause of action alleged by Plaintiff fails to state a claim upon which

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004          14.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

relief can be sought against Defendants because recovery for any of the causes of action alleged in the Complaint requires the existence of an employer-employee relationship, and Plaintiffs and all other individuals who performed delivery services for Defendants were properly classified as independent contractors, not employees.

### TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate and affirmative defense to the Complaint, Defendants allege that, for all relevant and applicable periods of time, Defendants are and were exempt from the requirements embodied by, but not limited to, California Labor Code sections 200, 201, 202, 203, 218.5, 218.6, 223, 226, 226.7, 450, 500, 510, 512, 515, 558, 1174, 1174.5, 1194, 1198, 2802, and 3200, California Code of Regulations (8 Cal. Code Regs., Tit. 8, § 11090), and California Industrial Welfare Commission Wage Order No. 9, on the basis that Plaintiffs were independent contractors and/or were employed by independent contractors.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a separate and affirmative defense to the Complaint, Defendants allege that, assuming *arguendo* that any of the violations alleged in the Complaint occurred, a reasonable opportunity for investigation and discovery will reveal that any such violation was the result of impossibility of performance, and not the result of a violation of the law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a separate and affirmative defense to the Complaint, Defendants allege that to the extent the Court determines that any damages are owed in this action, such amount shall be offset by any benefits and/or other monies they have received from contract services they provided for Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a separate and affirmative defense to the Complaint, Defendants allege that their business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, *et*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004                    15.

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT**

*seq.*

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs' prayer for restitution pursuant to California Business and Professions Code section 17200, *et seq.* is barred with respect to penalties of any nature.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs are not entitled to any relief with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.* that have ceased and are not likely to recur.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint fails to state a claim for attorneys' fees under California Labor Code sections 218.5, 226, 1194 and 2802, California Code of Civil Procedure section 1021.5, California Business Professions Code section 17200, et seq., or any other basis.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a separate and affirmative defense to the Complaint, Defendants allege that the parties and issues involved in the instant action are substantially similar to the parties and issues involved in another action previously filed in another district court, and on that basis the instant action is subject to the first-to-file rule.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to amend this answer should they later discover

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004                16.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT

facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief from this Court as follows:

1. That this action not be certified as a class action;
2. That Plaintiffs take nothing by their Complaint;
3. That Plaintiffs' Complaint be dismissed in its entirety with prejudice;
4. That judgment be entered against Plaintiffs and in favor of Defendants on all of Plaintiffs' causes of action;
5. That Defendants be awarded their costs of suit and attorneys' fees incurred in this action;
6. That Defendants be awarded such further relief as the Court deems appropriate.

Dated:     February 8, 2008

*/s/ Robert G. Hulteng*
ROBERT G. HULTENG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
VELOCITY EXPRESS LEASING, INC. AND VELOCITY EXPRESS, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Firmwide:84245480.1 057214.1004     17.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT