1  ROBERT G. HULTENG (SBN 071293)
   *rhulteng@littler.com*
2  DAMON M. OTT (SBN 215392)
   *dott@littler.com*
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA 94108-2693
5  Telephone:  (415) 433-1940
   Facsimile:   (415) 743.6663
6
   Attorneys for Defendants
7  VELOCITY EXPRESS LEASING, INC. AND
   VELOCITY EXPRESS, INC.
8
9  [ADDITIONAL COUNSEL LISTED ON PAGE FOLLOWING CAPTION]

10
11                     UNITED STATES DISTRICT COURT
12                NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| 13  PHILIP JONES and KIM KEO, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive, | Case No. C08-00773 VRW |
| 14 | [Assigned to United States District Judge Vaughn R. Walker, Courtroom 6] |
| 15 | |
| 16           Plaintiffs, | **JOINT 26(F) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT (LOCAL RULE 16-9)** |
| 17     v. | |
| 18  VELOCITY EXPRESS LEASING, INC. also known as VELOCITY EXPRESS LEASING WEST COAST, INC., a Delaware Corporation; VELOCITY EXPRESS, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive, | Date:        May 8, 2008<br>Time:        3:30 p.m.<br>Courtroom:  6 |
| 19 | |
| 20 | |
| 21 | |
| 22           Defendants. | |

23

28

Jt. 26(f) Report and CMC Statement

LAW OFFICES OF STEPHEN GLICK
Stephen Glick (SBN 59404)
sglick@glicklegal.com
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017
Telephone: (213) 387-3400
Facsimile: (213) 387-782

Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
Scott A. Brooks (SBN 160115)
brooks@dfis-law.com
1801 Century Park East, Ninth Floor
Los Angeles, California 90067
Telephone (310) 556-7900
Facsimile (310) 556-2807

LAW OFFICES OF IAN HERZOG
Ian Herzog (SBN 41396)
IH@avlaw.info
233 Wilshire Boulevard, Suite 550
Santa Monica, California 90405
Telephone (310) 458-6660
Facsimile (310) 458-9065

Attorneys for Plaintiffs
PHILIP JONES and KIM KEO, individually and on behalf of all others similarly situated and the California general public

Jt. 26(f) Report and CMC Statement

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 16-9, and the Court's February 1, 2008 Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiffs Philip Jones and Kim Keo ("Plaintiffs') and Defendants Velocity Express Leasing, Inc. and Velocity Express, Inc. ("Defendants"), submit this joint report of their early meeting of counsel.

1.  **Jurisdiction and Service**

   *A.   Jurisdiction:*

   This case was removed to this Court from the Superior Court of the County of Alameda. Defendants maintain that this Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d)(2). Defendants further maintain that the action was properly removed pursuant to 28 U.S.C. § 1441(a), because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one putative class member is a citizen of a state different from that of the Defendants. Further, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs do not know or concede that the aggregated amount at issue exceeds $5,000,000.00. Plaintiffs also do not concede that Defendants are citizens of a state other than California, in which state the putative class members performed the services at issue here.

   *B.   Service:*

   Velocity Express Leasing, Inc. and Velocity Express, Inc. are the only defendants, both of which have been properly served. There are no unserved parties.

2.  **Facts**

   *A.   Plaintiffs:*

   Plaintiffs seek to represent a class of all persons employed as couriers by Defendants in California during the four years preceding the filing of the Complaint, and such subclasses as may be necessary and appropriate. Plaintiff alleges the following theories of recovery: (1) recovery of unpaid wages and

Jt. 26(f) Report and CMC Statement

penalties (Labor Code §§ 201, 204, 206, 510, 558; IWC Wage Order 5 § 3); (2) recovery of unpaid minimum wages (Labor Code § 1194, 1197; Wage Order 5 § 4); (3) failure to reimburse business expenses (Labor Code §§ 2802, 2804; *Estrada v. FedEx Ground Package System,* 154 Cal. App. 4th 1, 64 Cal.Rptr.3d 327 (Cal. App. 2 Dist., 2007), *Air Couriers Inter. v. Employment Dev. Dept.*, 150 Cal. App. 4th 923; *JKH Enterprises, Inc. v. Dept. of Indus. Rel.*, 143 Cal. App. 4th 1046); (4) failure to pay all wages due upon termination (Labor Code §§ 203); (5) failure to provide itemized wage statements (Labor Code § 2226); (6) violation of Bus. & Prof. Code §§ 17200 et seq. as a result of the aforementioned alleged statutory violations and unfair business acts and practices.

Plaintiffs allege that Defendants' policy and practice was to conduct their business through the use of drivers (couriers) they treated as independent contractors when in fact those persons were employees under California law. Plaintiffs allege that by unlawfully treating the drivers as independent contractors, Defendants willfully evaded the requirements of California law, including avoiding the payment of statutorily mandated wages and the payment of payroll and related taxes to the state and federal governments. Plaintiffs further allege that through their unlawful and unfair business acts and practices, Defendants failed to pay the employees for the expenses incurred in performing work for Defendants, including expenses for use of their personal vehicles such as mileage, insurance and related expenses. Plaintiffs allege that Defendants maintain written records of the couriers' routes and activities, i.e., dates, times and places such services were performed, as well as the identity of the person who performed the work.

B. *Defendants:*

Defendants maintain that Plaintiffs and all putative class members were bona fide independent contractors and were properly treated as such. Defendants therefore deny that their treatment of the putative class members as independent contractors violated any laws or regulations. Defendants further deny that Plaintiffs and the putative class members have been damaged in any manner

whatsoever. Additionally, Defendants oppose Plaintiffs' attempt to certify this case as a class action for several reasons, including, but not limited to, the complete absence of common questions of fact or law, the named Plaintiffs are not typical of the proposed class and the named Plaintiffs will not adequately represent the proposed class.

3. **Legal Issues**

The primary legal issues raised by this case include:

(1) Whether the case can be certified as a class action under Fed. R. Civ. Proc. 23(a) and (b)(3);

(2) Whether the courier drivers comprising the putative class are employees or independent contractors under California law.

Most of Plaintiffs' causes of action derive from the second issue set forth above (employee v. independent contractor) as they are based on that primary allegation that the putative class were employees and so entitled to the protections afforded employees under California law.

4. **Motions**

The parties anticipate filing the following motions:

a. Class Certification (Plaintiff);

b. Motions for Summary Judgment (Plaintiff and Defendant);

c. Motion to Consolidate (discussed further below).

5. **Amendment of Pleadings and Joinder of Additional Parties**

The parties do not anticipate that any additional parties will be joined. Plaintiffs wish to reserve their right to amend to add/substitute an additional class representative as necessary as well as to amend the proposed class definition and amend to allege subclasses, both as necessary and warranted.

Jt. 26(f) Report and CMC Statement

## 6. Evidence Preservation

The parties discussed evidence preservation at the early meeting of counsel and agreed to preserve all documents within the scope of discovery. To this end, counsel for Defendants represents that it has provided detailed written instructions to Defendants regarding implementing a litigation hold on all such documents. Similarly, Plaintiffs' counsel hereby represents that it has verbally instructed the named Plaintiffs to refrain from destroying all such documents.

## 7. Disclosures

The parties agree and hereby stipulate that the initial disclosures in this case shall be served no later than May 16, 2008.

## 8. Discovery

There has been no discovery conducted to date. The parties propose the following discovery plan:

    A.    *Limitation on Discovery Rules:*

Plaintiff proposes that discovery should not be limited.

Defendant submits that discovery must be conducted in phases, with the first phase being limited to evidence relating to class certification.

    B.    *Depositions:*

Plaintiffs anticipate that they will require a total of approximately 15 depositions of fact witnesses, including deposing Defendants regarding their policies and procedures relating to courier drivers, as well as Defendants' operations in California.

Defendants anticipate they will require a total of approximately 25 depositions of fact witnesses.

The depositions will likely commence in the late summer or early fall of 2008 after receipt of written discovery responses and will be completed for class certification purposes by December 12, 2008. Additional depositions of fact witnesses may be needed after the Court's ruling on class certification.

    C.    *Written Discovery:*

Both sides intend to serve document production requests, written interrogatories and requests for admissions. The parties may request permission to serve more than 25 interrogatories. If a party believes more than 25 interrogatories is needed, they will first attempt to reach an agreement with opposing counsel and, if no agreement can be reached, shall petition the Court.

The parties anticipate that they will be able to agree on a procedure to safeguard any sensitive/confidential information, including stipulation to a protective order if deemed necessary.

9. **Procedure for Certification/non-Certification of Class**

Pre-class certification discovery shall be completed by December 12, 2008. Plaintiffs' Motion for Class Certification shall be filed December 12, 2008. Defendants' Opposition to Plaintiffs' Motion for Class Certification shall be due by January 26, 2009. After the Court's ruling on Plaintiffs' Motion for Class Certification, the parties shall meet and confer and prepare an updated Form 26(f) Report. The parties anticipate an additional eight months of discovery after the Court's ruling on Plaintiffs' Motion for Class Certification to complete discovery in this matter, assuming certification.

10. **Related Cases**

There is pending in the United States District Court for the Central District of California (Riverside) a putative class action entitled Jobe v. Velocity Express, Inc. (Case No. EDCV 07-01693 SGL (OPx)). Defendants contend that as currently plead, the Jobe case involves substantially similar claims to those alleged in the instant action, and is brought on behalf of a putative class substantially similar to that involved herein. Counsel for Plaintiffs are presently discussing with counsel for the plaintiffs in the Jobe case whether the cases should be related.

Defendants further contend that another substantially similar putative class action, entitled Moses v. Velocity Express, Inc. (Case No. BC387593), is currently pending in the Superior Court of Los Angeles County. Although filed on March 19, 2008, the Moses complaint was not served until April 9, 2008. No responsive

pleading has yet been filed in Moses, which alleges substantially similar causes of action to those asserted in Jobe and the instant case. Defendants further contend that the putative class defined in Moses is also substantially similar to those plead in Jobe and the instant action.

In addition to Jobe and Moses, there are two purported nationwide class actions that potentially overlap the instant action. Grider v. Velocity Express Leasing, Inc. (Civil Action No. 3:08 CV 00082 (VLB)) is currently pending in the District of Connecticut. The Grider plaintiffs allege an array of federal claims and Connecticut wage claims based upon Velocity Express Leasing, Inc.'s alleged misclassification of courier drivers as independent contractors. The putative Grider class purports to include all courier drivers throughout the country (including California).

The second nationwide class action, Charles v. Velocity Express Corporation, et al. (Case No. 07 CV 6610 CTS), is pending in the Western District of New York. The Charles case alleges a number of causes of action, including federal and New York states claims, based upon Velocity Express Corporation's unlawful misclassification of courier drivers as independent contractors. The putative class in Charles purports to include all courier drivers performing services "nationwide."

Defendants contend that all of the above identified cases set forth a putative class that includes most or all of the individuals in the putative class plead in the instant matter.

## 11. Relief

Plaintiffs seek the following relief:

(1) Plaintiffs seek relief under Labor Code § 1194 and 510 for unpaid overtime and minimum wages and interest thereon at the legal rate;

(2) Plaintiffs seek all expenses incurred by the Plaintiffs and putative class members in the performance of their work for Defendants, including insurance, mileage, uniforms, maintenance and repair expenses, cleaning,

       personal property or sales taxes and fuel, oil and tire expenses, as well as any equipment used in communicating with Defendants and their customers for handling and tracking of shipments;

(3) Plaintiffs seek the wages and penalties for Defendants' alleged failure to provide the accurate itemized wage statements (pay stubs) required by law, and the failure to pay wages due upon separation from Defendants' employment

(4) Plaintiffs seek disgorgement, restitution and equitable relief for Defendants' alleged unfair an unlawful business acts and practices.

(5) Plaintiffs seek attorneys fees and costs as well as interest and penalties.

## 12. Settlement and ADR

The Parties have agreed to use a private mediator. The Parties submitted a proposed order to this Court, since entered, requiring them to participate in early neutral evaluation.

## 13. Consent to Magistrate Judge for all Purposes

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## 14. Other References

The parties are presently unaware of any facts or proceedings that would make this case suitable for reference to binding arbitration or a special master. The parties are still discussing whether the instant case and the other pending matters should be submitted to the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The Parties are unaware of any issues that can be narrowed at this time by agreement, motion, or by suggestions to expedite the presentation of evidence.

## 16. Expedited Schedule

This is not the type of case that can be handled on an expedited basis or with streamlined procedures.

### 17. Scheduling

The parties submit that it is premature to schedule a trial date or a date for a pre-trial conference until after the hearing on the motion for class certification.

The parties request that a trial date not be set until after Plaintiffs' motion for class certification has been heard and decided. Pre-certification discovery cutoffs are proposed in Section 8 above.

### 18. Trial

Plaintiff requests a jury trial. If Plaintiffs' motion for class certification is granted, the parties anticipate that trial will be 30-45 days. If Plaintiffs' motion for class certification is denied, the parties estimate that the trial will be 3-5 days.

### 19. Disclosure of Non-party Interested Entities or Persons

The parties have filed the Certification of Interested Entities or Persons required by Local Rule 3-16.

Defendant states that the only persons or entities known by it to have any kind of interest in the subject matter in controversy are the named Plaintiffs and Defendants. If the proposed class is certified, other presently unknown individuals will have an interest in the controversy.

Plaintiff states that the only persons or entities known by it to have any interest in the subject matter in controversy are the named Plaintiffs, individually and on behalf of the proposed class, and Defendants. If the proposed class is certified, other presently unknown individuals will have an interest in the controversy.

### 20. Other Matters

The major issue in this case at present is whether it proceeds as a class action. From Defendants' perspective, a second more pressing issue is whether the related cases filed against Velocity should be combined in some manner (e.g., consolidated, coordinated, related or even possibly abated).

Jt. 26(f) Report and CMC Statement

| | |
|---|---|
| DATED: May 1, 2008 | LITTLER MENDELSON<br><br>By _____<br>Robert G. Hulteng<br>Damon M. Ott<br>Attorneys for Defendants<br>VELOCITY EXPRESS LEASING, INC.<br>and VELOCITY EXPRESS, INC. |
| DATED: May 1, 2008 | LAW OFFICES OF STEPHEN GLICK<br><br>DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP<br><br>LAW OFFICES OF IAN HERZOG<br><br>By _____<br>Scott A. Brooks<br>Attorneys for Plaintiffs<br>PHILIP JONES and KIM KEO individually and on behalf of all others similarly situated and the California general public |

Firmwide:85077604.2 057214.1004

Jt. 26(f) Report and CMC Statement